MENTOR LAGOONS, INC., Appellant,

v.

TEAGUE et al., Appellees;

Nozik et al., Appellants.

[Cite as *Mentor Lagoons, Inc. v. Teague* (1991), 71 Ohio App.3d 719.]

Court of Appeals of Ohio,
Lake County.

No. 90–L–14–017.

Decided April 2, 1991.

720

*Albert C. Nozik,* for appellants.

*Paul A. Newman,* for appellees.

CHRISTLEY, Presiding Judge.

This is an appeal from an order of the Lake County Court of Common Pleas, disqualifying attorney Albert Nozik from continuing to represent appellants, Mentor Lagoons, Inc., and Suburban Apartment Management, in the instant case. Nozik is also an appellant in this appeal.

Mentor Lagoons is the owner of Gateway Apartments, a complex located in Mentor-on-the-Lake, Ohio. Suburban Apartment Management is the rental agent for Mentor Lagoons. In December 1985, Mentor Lagoons initiated an action for delinquent rent in the Mentor Municipal Court against appellees, Tamara and Marilyn Teague. In addition to the overdue rent, Mentor Lagoons also sought attorney fees and damages covering other expenses.

In answering the complaint, Tamara Teague also filed a counterclaim against Mentor Lagoons and a third-party complaint against Suburban Apartment Management and Nozik. Under these claims, Tamara alleged that Nozik, in addition to being trial counsel for both entities, had a financial interest in each and also controlled the operations of both. She further alleged that Nozik and the companies had engaged in actions against her which constituted a "prima facie" tort.

For relief, Tamara sought, *inter alia,* $50,000 in compensatory damages. Since this amount was above the jurisdictional limit of the municipal court, the action was transferred to the common pleas court. The parties then proceeded to engage in extensive discovery.

As part of the discovery process, appellees attempted to take Nozik's deposition. During this proceeding, Nozik objected to many of the questions posed by opposing counsel and refused to divulge certain information. Many of these questions concerned the nature of Nozik's relationship with the two companies and the manner in which Nozik was compensated for representing them.

Although it is unclear from the record how the issue was raised, one of the parties moved the trial court to rule upon the merits of Nozik's objections. In a judgment entered in October 1987, the court sustained the objections. The court then stated:

"Furthermore, Albert C. Nozik's integral role as primary witness for Mentor Lagoons, Inc., his client, and his fiduciary obligation as officer and shareholder for the corporation pose direct conflicts with his role as counsel under DR 5–102(A). Finding no exception as outlined in DR 5–101(B)(1) through (B)(4) applicable to these facts and finding also that the majority of

Mr. Nozik's testimony appears admissible, the court *sua sponte* orders Mr. Nozik to voluntarily withdraw his representation of Mentor Lagoons, Inc. and Suburban Apartment Management Co. or face disqualification from further proceedings in accordance with *Mentor Lagoons, Inc. v. Rubin* (1987), 31 Ohio St.3d 256 [31 OBR 459, 510 N.E.2d 379]. Mr. Nozik shall notify the court within seven (7) days journalization of his decision and replacement."

On appeal from this judgment, appellants argued that the trial court had erred in disqualifying Nozik as counsel without first holding a full hearing on the matter. Citing prior precedent from this jurisdiction, this court found this argument to be well taken. Remanding the action for further proceedings, this court held that before rendering its decision on the disqualification issue, the trial court had to consider evidence on the following questions: (1) whether Nozik's proposed testimony would be admissible at trial; and (2) whether one of the exceptions set forth in DR 5–101 and 5–102 would be applicable in this situation. See *Mentor Lagoons v. Teague* (June 9, 1989), Lake App. No. 13–016, unreported, 1989 WL 62317.

Upon remand, an abbreviated hearing was held on the disqualification question. During this proceeding, appellees did not present any evidence in support of disqualification, but instead merely referred the trial court to a copy of Nozik's deposition, which had been made part of the record.

In response, Nozik testified on his behalf and on behalf of the two companies. During this testimony, Nozik stated that if he was disqualified, the companies would experience a substantial hardship because they would be required to hire new counsel who was not familiar with the case. Nozik further stated that as a result of his experience in handling this type of action, he was uniquely qualified to represent the companies. Lastly, Nozik *argued* that disqualification was not warranted because there was no indication that his proposed testimony would be prejudicial to the companies.

Based upon this evidence, the trial court again ordered Nozik to withdraw as counsel for Mentor Lagoons and Suburban Apartment Management. In support of this holding, the court made the following findings: (1) the record did not contain any evidence which demonstrated that Nozik's proposed testimony would *not* be admissible; and (2) Nozik had failed to show that any of the exceptions to disqualifications under DR 5–101 and 5–102 were applicable. The court also specifically held that Nozik could represent himself at trial.

After the trial court had denied their motion for a "new trial" on the matter, appellants filed a timely notice of appeal from the foregoing judgment. They now assert the following assignment of error:

"The trial court abused his discretion in disqualifying counsel for appellants from testifying under DR 5–101(B)(4) of the code of professional responsibility."

As a preliminary matter, this court would note that in the assignment itself, appellants state that the trial court disqualified Nozik from "testifying" in this case. As appellees note, this assertion is simply incorrect. In the appealed judgment, the trial court held that Nozik was disqualified from representing Mentor Lagoons and Suburban Apartment Management at trial. During the hearing on remand, the court emphasized that Nozik would be allowed to testify at trial.

Moreover, a review of appellants' argument shows that it addresses the merits of the trial court's decision. Under this argument, appellants contend that the court abused its discretion in disqualifying Nozik. Specifically, appellants maintain that disqualification was unwarranted, because the evidence showed that such action would cause a substantial hardship for the two companies.

As was mentioned earlier, Nozik's disqualification was predicated upon the fact that he was projected to be the primary witness at trial. In relation to this type of situation, DR 5–101(B) states that as a general rule, a lawyer should not accept employment in a case when it is obvious that he will be called as a witness at trial. The provision then delineates four exceptions to this rule. At the hearing on remand, appellants argued that the fourth exception was applicable. This exception states:

"(B) A lawyer * * * may undertake the employment and * * * testify:
" * * *

"(4) As to any matter, if refusal would work a substantial hardship on the client because of the distinctive value of the lawyer or his firm as counsel in the particular case."

The next Disciplinary Rule, DR 5–102, governs the situation in which the possible conflict arises *after* employment has been accepted:

"(A) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm ought to be called as a witness on behalf of his client, he shall withdraw from the conduct of the trial and his firm, if any, shall not continue representation in the trial, except that he may continue the representation and he or a lawyer in his firm may testify in the circumstances enumerated in DR 5–101(B)(1) through (4).

"(B) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm may be called as a witness other than on behalf of his client, he may continue the

representation until it is apparent that his testimony is or may be prejudicial to his client."

Before addressing the merits of the trial court's application of these two rules, appellants have raised a question concerning which party has the burden of proof under a motion to disqualify. Appellants submit that under the facts of this case, appellees had the burden of establishing that Nozik's proposed testimony would be prejudicial to the two companies.

■ In relation to the situation under DR 5–102(B) in which the attorney learns *after* accepting employment that he will be called as a witness for the opposing party, this court would agree that the party moving to disqualify would have the burden of showing that the proposed testimony may be prejudicial to the client. See *Freeman v. Kulicke & Soffa Industries, Inc.* (E.D.Pa.1978), 449 F.Supp. 974. Under these circumstances, the opposing party would have knowledge of those facts which would indicate whether the testimony will be prejudicial.

■ However, under DR 5–101(B) when the attorney becomes aware of the possible conflict *before* accepting employment, this burden would not apply, even if the opposing party moves to disqualify. This rule specifically states that the attorney "shall not" accept employment unless one of the four exceptions applies. The same rationale applies under DR 5–102(A); there, an attorney who realizes *after* employment has begun, that he ought to be called as a witness for his client, *"shall* withdraw." (Emphasis added.) In the opinion of this court, this language creates a rebuttable presumption against employment which must follow unless an exception applies. Thus, this situation is inherently different from that under DR 5–102(B), in which the presumption is in favor of continuing employment.

■ Moreover, a review of the four exceptions under DR 5–101(B) indicates that each would be demonstrated by facts which are readily within the knowledge of the attorney and his client. For example, under DR 5–101(B)(4), the attorney would be in the best position to know whether the disqualification would cause a substantial hardship for the client. Accordingly, once it is clear that the attorney knew before accepting employment that he might be called as a witness, the burden switches to him to present *some* evidence indicating that one of the four exceptions is applicable. This analysis would also apply to the situation under DR 5–102(A).

■ As to this point, we would emphasize that in determining whether the attorney can continue to represent his client, the trial court is not deciding whether a violation of the Disciplinary Rules would have occurred. *Mentor Lagoons, Inc. v. Rubin* (1987), 31 Ohio St.3d 256, 31 OBR 459, 510 N.E.2d 379,

paragraph two of the syllabus. When that type of determination must be made, of course, the burden is upon Disciplinary Counsel to establish the misconduct by clear and convincing evidence. Gov.Bar R. V(16).

In deciding whether continued representation is appropriate, though, the issue is one which concerns the regulation of the practice before the trial court and the protection of the integrity of the proceedings. *Mentor Lagoons, supra,* at 259, 31 OBR at 461, 510 N.E.2d at 381. Clearly a court cannot knowingly participate in what it perceives to be a breach of an ethical or disciplinary violation. Code of Judicial Ethics, Canon 1; Canon 3. Under these circumstances, this court concludes that the placement of the burden of proof on the moving party is not constitutionally mandated in all instances. Instead, the burden is controlled by the wording and circumstance of the particular rule.

■ In arguing that a substantial hardship would occur if he were disqualified, Nozik stated at the hearing that because of his vast experience and his unique relationship with the two companies, the services which he would provide in representing these clients had a "distinct value." Nozik also submitted that a hardship would occur because the companies would then incur the added expense of hiring new counsel and waiting for him to prepare the case.

In relation to these points, this court would first note that the statements which Nozik made under oath were all conclusory in nature. Nozik did not refer to specific facts in support of his statements, but instead relied upon his reputation in the legal community and with the trial court.

More important, though, Nozik's statements are not sufficient to establish a substantial hardship, as that term has been defined under Ohio law. In *Schaub v. Mentor Lagoons Marina* (May 25, 1990), Lake App. No. 89–L–14–054, unreported, 1990 WL 71023, this court held that a substantial hardship in finding replacement counsel had not been shown when the issues were not complex and did not require special expertise. In other words, before a hardship can be established, it must be shown that present counsel possesses special knowledge of an area of the law. Nozik's statements were not sufficient to meet this burden.

■ Moreover, it has also been held that increased expenses for the client do not constitute a substantial hardship. *In re Appeals of Richardson* (Mar. 15, 1979), Cuyahoga App. Nos. 38566, 38567, 38569, and 38570, unreported. Again, under DR 5–101(B)(4), the critical issue is the expertise of present counsel. The fact that counsel may have experience and is knowledgeable in

an area of the law does not establish that other competent counsel cannot be employed.

■ In addition to the foregoing, Nozik argued at the hearing that the disqualification was also not warranted under DR 5–102(B). As was noted earlier, this provision states that if, after accepting employment, a lawyer learns that he will be called as a witness in a case for the opposing party, he can continue to represent his client until it is clear that his testimony may be prejudicial to the client. In ruling upon this issue, the trial court held that this provision was inapplicable, since Nozik intended to testify on behalf of both companies at trial.

As the language of the provision implies, DR 5–102(B) is only applicable when the conflict arises after the "employment" has already been accepted and the lawyer will be called by the opposing party. At the hearing, Nozik stated that before filing the case, he was aware that he would be testifying in this case on behalf of the companies:

"Now I knew in advance, of course, in all these cases, particularly in this one, that I would be testifying because when the action for rent is brought, I have the records in my office and the rent records of the rental payments are kept in my office."

Before this court, appellants argue that the "conflict" was not created until appellees filed their third-party claim against Nozik. However, the former statement contradicts this latter assertion.

Appellants' reliance on DR 5–102(B) appears to have been based in part upon certain statements contained in this court's initial opinion in this case. In remanding the action for a hearing on the disqualification question, this court noted that continued representation was allowed under that section until it was clear that the proposed testimony would be prejudicial to the companies. *Mentor Lagoons v. Teague, supra,* at 9.

However, the wording of that opinion indicates that this statement was not predicated upon the conclusion that DR 5–102(B) was indeed applicable to the facts of this case. In fact, the trial court's original decision was reversed because all the facts were not known as appellants had not been given an opportunity to present evidence on that point. On remand, the evidence that was presented supported the conclusion that Nozik knew that he would testify on behalf of his clients *even before* the case was initiated. Thus, the trial court did not err in finding that DR 5–102(B) was irrelevant and inapplicable.

■ Also under this assignment, appellants submit that the trial court's decision constituted a violation of the companies' constitutional right to counsel. As to this point, this court concludes that appellants failed to

properly raise this issue at the trial level. The only reference to the representation issue was made during the disqualification hearing. At that time, Nozik stated that a determination against appellants " * * * deprives the client of the rights of representation by an attorney who is competent, proper." This single reference is simply too vague to give the court and appellees proper notice of the exact argument appellants sought to raise. In turn, this would explain why the trial court did not address this issue in its judgment entry.

As to the merits of this argument, it should be noted that in the civil context, a denial of the right to counsel can occur only when " * * * the party expressly requested the right to confer with counsel and was unjustifiably denied the exercise of that right." *Siegwald v. Curry* (1974), 40 Ohio App.2d 313, 316, 69 O.O.2d 293, 294, 319 N.E.2d 381, 384. This clearly has not occurred in this case.

In reviewing a judgment on a motion to disqualify counsel, an appellate court will reverse only when the trial court abused its discretion. *Maple Hts. v. Redi Car Wash* (1988), 51 Ohio App.3d 60, 554 N.E.2d 929. The evidence submitted at the disqualification hearing does not support such a conclusion in this case. Thus, appellants' sole assignment is without merit, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

Joseph E. Mahoney and Nader, JJ., concur.