CLUCAS, Appellee,

v.

VOJTECH, Appellant, et al.

[Cite as *Clucas v. Vojtech* (1997), 119 Ohio App.3d 475.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 17983.

Decided May 14, 1997.

*Ronald O. Kaffen,* for appellee.

*James W. Childs,* for appellant.

---

REECE, Judge.

Appellant Judy A. Vojtech appeals from the decision of the Summit County Court of Common Pleas disqualifying attorney James Childs from representing Vojtech and John and Carrie Mruk based upon a conflict of interest. We affirm.

Appellant Judy Vojtech leases property located at 3866 Brecksville Road from John and Carrie Mruk. Vojtech and the Mruks entered into the lease in January 1994. The lease agreement was drafted on behalf of the parties by attorney James Childs. The lease agreement provides, for the duration of the term of the lease, Vojtech must assume liability in any action regarding damages to persons or property resulting from her maintenance of the leased premises.

Vojtech operates a commercial business on the property. In the spring of 1994, Vojtech paved a driveway on the premises to provide access to the parking lot of her business in compliance with the commercial zoning requirements of the village of Richfield. Following the construction of the driveway, appellee Charles Clucas brought suit against Vojtech in the Summit County Common Pleas Court, claiming the driveway encroached upon his property. Vojtech retained attorney James Childs to represent her in the action. Vojtech answered the complaint and instituted a third-party complaint against the Mruks, seeking indemnity and contribution for all sums due Clucas for any trespass found to have occurred. The Mruks also retained attorney Childs to represent them as third-party defendants.

At a hearing in chambers to consider other motions, the trial court discovered that attorney Childs had drafted the lease agreement between Vojtech and the Mruks. Because Vojtech's third-party complaint sought indemnification from the Mruks based upon the lease agreement, the court manifested concerns that attorney Childs's representation of both parties created a conflict of interest. After discussion of the matter with counsel, the trial court disqualified Childs from representing either Vojtech or the Mruks in the case *sub judice.* Vojtech thus filed the instant appeal.

■ In her sole assignment of error, Vojtech asserts that the trial court erred when it removed Childs as attorney for Vojtech and the Mruks. She argues that the trial court abused its discretion when it determined that Childs's continued representation of both parties created a conflict of interest and thus necessitated Childs's disqualification. We disagree.

■ The Ohio Supreme Court has held that "[a] trial court has the 'inherent power to regulate the practice before it and protect the integrity of its proceedings * * *' including the 'authority and duty to see to the ethical conduct of attorneys * * *.'" *Mentor Lagoons, Inc. v. Rubin* (1987), 31 Ohio St.3d 256, 259, 31 OBR 459, 462, 510 N.E.2d 379, 382. Thus, the trial court possesses the authority to disqualify an attorney from the representation of clients if the attorney cannot conduct such representation in compliance with the Code of Professional Responsibility. *Id.* In fact, the court has its own ethical duty to intercede when it perceives a violation of the Code of Professional Responsibility. *Jackson v. Bellomy* (1995), 105 Ohio App.3d 341, 348, 663 N.E.2d 1328, 1332–1333; *Mentor Lagoons, Inc. v. Teague* (1991), 71 Ohio App.3d 719, 725, 595 N.E.2d 392, 395–396; Code of Judicial Conduct, Canons 1 and 3. In the case *sub judice*, the trial court properly exercised its power to disqualify an attorney in order to eliminate the potential for an ethical violation.

■ This court will not disturb the decision of the trial court in a matter of ethical considerations absent an abuse of discretion. *Janis v. Castle Apts., Inc.* (1993), 90 Ohio App.3d 224, 230, 628 N.E.2d 149, 152–153. An abuse of discretion is more than an error of law or judgment; it implies an unreasonable, unconscionable or arbitrary decision which is "'palpably and grossly violative of fact and logic * * *.'" *State v. Jenkins* (1984), 15 Ohio St.3d 164, 222, 15 OBR 311, 361, 473 N.E.2d 264, 314. We find that the trial court did not abuse its discretion in disqualifying Childs from representing Vojtech and the Mruks.

The trial court perceived that Childs's continued representation of both Vojtech and the Mruks would result in a conflict of interest under the Code of Professional Responsibility. The Code provides:

"DR 5–105. Refusing to accept or continue employment if the interests of another client may impair the independent professional judgment of the lawyer

"* * *

"(B) A lawyer shall not continue multiple employment if the exercise of his independent professional judgment in behalf of a client will be or is likely to be adversely affected by his representation of another client, except to the extent permitted under DR 5–105(C).

"(C) In the situations covered by DR 5–105(A) and (B), a lawyer may represent multiple clients if it is obvious that he can adequately represent the interest of each and if each consents to the representation after full disclosure of the possible effect of such representation on the exercise of his independent professional judgment on behalf of each."

In light of Childs's role in drafting the lease agreement between Vojtech and the Mruks, coupled with the potential for conflict between the two parties should

a judgment be rendered in favor of Clucas, we find that the trial court's disqualification of Childs was proper. Sufficient, credible evidence exists to support the trial court's conclusion that Childs's continued representation of both parties created substantial potential for a conflict of interest under the Code of Professional Responsibility. The decision does not represent an arbitrary or unconscionable violation of fact and logic.

Accordingly, Vojtech's single assignment of error is overruled.

*Judgment affirmed.*

DICKINSON, P.J., and BAIRD, J., concur.