OPINION
Cross-Defendant-Appellant Lawn Jon Grounds Care, Inc. ("Lawn Jon") appeals the decision of the Licking County Court of Common Pleas, Domestic Relations Division, disqualifying its counsel during a divorce action between Appellee Jonathan Frailey and Appellee Melissa Frailey. The following facts give rise to this appeal. Jonathan Frailey commenced the underlying action in this case on February 5, 1998, by filing a complaint for separation against appellee. Jonathan then filed a motion for reconciliation on February 6, 1998. On April 14, 1998, appellee filed her answer and counterclaim, as well as a motion to add appellant as a party. Appellee alleged an interest in the assets of appellant, an Ohio Corporation, of which Jonathan was president and a one-third shareholder. The trial court granted the motion to name appellant as a party on that same date. On October 1, 1998, Jonathan filed an amended complaint for divorce. In the meantime, on July 2, 1998, appellee filed a motion for temporary orders and a motion to restrict Jonathan's visitation of the minor child of the parties. These matters were set for hearing on July 16, 1998 and October 14, 1998. At both hearings, appellee orally moved for the removal of Attorney Daniel Brake, counsel and statutory agent for appellant. On November 12, 1998, appellee filed a brief with the trial court on the issue of removal of counsel, pursuant to DR 5-102(A) and (B). On March 5, 1999, the magistrate issued a decision recommending the disqualification of Attorney Brake, pursuant to the language of DR 5-102(B). The magistrate's decision was incorporated into a judgment entry dated June 3, 1999. Appellant timely appealed and herein raises the following two Assignments of Error:
 I. THE TRIAL COURT ERRED IN DISQUALIFYING APPELLANT'S COUNSEL PURSUANT TO DR 5-102(B) BECAUSE APPELLANT'S COUNSEL WAS NOT CALLED OR IDENTIFIED AS A WITNESS BY THE APPELLEE AND THE TRIAL COURT FOUND NO EVIDENCE COUNSEL'S CONTINUED REPRESENTATION WOULD OR MAY PREJUDICE APPELLANT.
 II. THE TRIAL COURT ERRED IN CONCLUDING APPELLANT'S COUNSEL REPRESENTED PLAINTIFF JONATHAN FRAILEY IN HIS INDIVIDUAL CAPACITY IN ADDITION TO APPELLANT.
 I.
In his First Assignment of Error, appellant argues that the trial court erred in disqualifying Attorney Brake because he was not called or qualified as a witness by appellee and that no evidence demonstrated that Attorney Brake's representation would prejudice appellant, his client. At the outset, we note that disqualification of counsel is an order that affects a substantial right and therefore is final and appealable under R.C. 2505.02. Ross v. Ross (1994), 94 Ohio App.3d 123; LLE Corp. v. Mitsubishi Corp. (May 24, 1995), Tuscarawas App. No. 94AP110078, unreported, at 2. A determination to disqualify or not disqualify counsel is within the sound discretion of the trial court. Sarbey v. National City Bank, Akron (1990), 66 Ohio App.3d 18. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217. Nonetheless, disqualification "is a drastic measure which should not be imposed unless absolutely necessary." Waliszewski v. Caravona Builders, Inc. (April 29, 1998), Summit App. No. 18613, unreported, at 3, quoting Spivey v. Bender (1991),77 Ohio App.3d 17, 22, and Gould, Inc. v. Mitsui Mining Smelting Co. (N.D.Ohio 1990), 738 F. Supp. 1121, 1126. Also, DR 5-102(B) incorporates a presumption in favor of continued representation. Mentor Lagoons, Inc. v. Teague (1991), 71 Ohio App.3d 719, 724. The burden of the party moving for disqualification of an attorney is to demonstrate that the proposed testimony may be prejudicial to that attorney's client and that disqualification is necessary. Mentor Lagoons at 724. The magistrate made the following findings, in part, regarding the issue of disqualification: The magistrate has formed the impression in his mind that corporate counsel has, in effect, undertaken to represent both the corporation and the plaintiff. The Magistrate has formed this impression based upon his reading of the written arguments filed in this matter as well as his personal observations made during the temporary orders hearing in which corporate counsel appeared to advise plaintiff's counsel on questions to pose to witnesses and objections to interject to questions offered by defendant's counsel. This impression has been somewhat solidified by the arguments advanced by corporate counsel regarding the defendant's motion for a protective order. The corporate defendant appears to be a closely held corporation in which the plaintiff is a major participant. (Sic) the plaintiff and the interest of the corporate defendant. When the magistrate considers this impression in light of the personal knowledge corporate counsel has of the plaintiff, as described in his affidavit, he finds it reasonable to conclude that there is a significant probability that this witness' testimony may be prejudicial to his client.
Taking these factors into consideration, the Magistrate finds that it is appropriate for the Trial Court to enter an appropriate order granting the defendant's motion for corporate counsel to be disqualified.
Magistrate's Decision, March 5, 1999, at 4-5.
A review of the record reveals no transcripts of any proffered testimony of Attorney Brake, nor any indication of a separate disqualification hearing. The evidentiary materials attached in support of appellee's motion to disqualify consist of two letters written by Attorney Brake on behalf of the appellant corporation in February and March of 1998 and an affidavit prepared by Attorney Brake on March 16, 1998, pertaining to his personal perspectives on the issue of custody (all of which are prior to the lawn care corporation becoming a party). The letters, drafted on law firm letterhead, are directed to appellee personally and essentially are demands that appellee not make personal use of a corporate-owned Jeep Cherokee. The affidavit, consisting of thirteen hand-written paragraphs, recites Attorney Brake's recent contacts with the parties, with whom he had been acquainted since 1994. In it, he asserts a personal viewpoint that Jonathan should have custody of the parties' child. The affidavit makes no reference to the lawn care corporation. We are unable to find support in the record that appellee met her burden to compel disqualification under Mentor Lagoons, supra. The magistrate's aforecited impressions, even though reinforced by Attorney Brake's questionable tactic of "appear[ing] to advise plaintiff's counsel on questions to pose to witnesses," (Magistrate's Decision, March 5, 1999, at 4), are insufficient to support a DR 5-102(B) disqualification of counsel under the facts of this case. We hold that the trial court's incorporation of the magistrate's decision, without a more sufficient showing that Attorney Brake's continued representation was prejudicial to his client, the appellant corporation, was unreasonable and constituted an abuse of discretion. As in Waliszewski, supra, we have additional difficulty holding otherwise in light of the fact that it is the appellant corporation who is "fighting so hard to retain him as counsel." Id. at 3. Appellant's First Assignment of Error is sustained.
 II.
We need not address Appellant's Second Assignment of Error based on our holding above, as it is rendered moot. For the reasons stated in the foregoing opinion, the decision of the Court of Common Pleas, Domestic Relations Division, Licking County, Ohio, is hereby reversed and remanded for further proceedings consistent with this opinion.
By: Wise, P.J. Edwards, J., and Reader, V. J., concur.