OPINION
This appeal is taken from a final judgment of the Portage County Court of Common Pleas, wherein appellant, Attorney Daniel S. White ("Attorney White"), was removed from representation of appellant, Michael A. Shore Co., L.P.A.
The following facts are relevant to this appeal. Attorney White and the law firm by which he is employed, Michael A. Shore Co., L.P.A., represented appellees, C. Todd Williams and Mary E. Williams, in Portage County Common Pleas Court in a "wet basement" case against out-of-state defendants. Appellees received a default judgment in that case which was subsequently vacated. On appeal, this court affirmed that judgment. The appellees filed a legal malpractice action against Attorney White and Michael A. Shore, Co., L.P.A.
On June 10, 2001, appellees filed a motion to remove Attorney White as counsel for himself and the law firm. The trial court granted appellee's motion to remove Attorney White from representing the firm but denied it as to Attorney White's representation of himself.
It is from this order appellants appeal, submitting a single assignment of error:
 "The trial court's decision granting the plaintiff-appellees' motion to remove Attorney Daniel S. White from the representation of defendant-appellant Michael A. Shore Co., L.P.A. constitutes reversible error."
Disciplinary Rule 5-102(A) of the Ohio Code of Professional Responsibility is applicable where counsel realizes he may have to testify on behalf of his client. DR 5-102(B) concerns situations where counsel learns he will be called by the opposing party. These rules state:
 "(A) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm ought to be called as a witness on behalf of his client, he shall withdraw from the conduct of the trial and his firm, if any, shall not continue representation in the trial, except that he may continue the representation and he or a lawyer in his firm may testify in the circumstances enumerated in DR 5-101(B) (1) through (4).
 "(B) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm may be called as a witness other than on behalf of his client, he may continue the representation until it is apparent that his testimony is or may be prejudicial to his client."
The exceptions enumerated in DR 5-101 provide:
 "(A)(1) Except with the consent of his client after full disclosure, a lawyer shall not accept employment if the exercise of his professional judgment on behalf of his client will be or reasonably may be affected by the lawyer's financial, business, property, or personal interests.
"* * *
 "(B) A lawyer shall not accept employment in contemplated or pending litigation if the lawyer knows or it is obvious that the lawyer or a lawyer in his firm ought to be called as a witness, except that he may undertake the employment and the lawyer or a lawyer in his firm may testify:
 "(1) If the testimony will relate solely to an uncontested matter.
 "(2) If the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony.
 "(3) If the testimony will relate solely to the nature and value of legal services rendered in the case by the lawyer or the firm to the client.
 "(4) As to any matter, if refusal would work a substantial hardship on the client because of the distinctive value of the lawyer or the firm as counsel in the particular case."
The Supreme Court of Ohio has addressed the issue of disqualification of counsel.[1] It held that DR 5-102 does not automatically render a lawyer incompetent as a witness.[2] Instead, it noted ethical problems may arise when an attorney seeks to testify in a proceeding in which he represents a litigant and set forth a procedure for determining whether a lawyer can serve as both an advocate and a witness:
 "We therefore conclude that when an attorney representing a litigant in a pending case requests permission or is called to testify in that case, the court shall first determine the admissibility of the attorney's testimony without reference to DR 5-102(A). If the court finds that the testimony is admissible, then that attorney, opposing counsel, or the court sua sponte, may make a motion requesting the attorney to withdraw voluntarily or be disqualified by the court from further representation in the case. The court must then consider whether any of the exceptions to DR 5-102 are applicable and, thus, whether the attorney may testify and continue to provide representation. In making these determinations, the court is not deciding whether a Disciplinary Rule will be violated, but rather preventing a potential violation of the Code of Professional Responsibility."[3]
Prior precedent from this court addressing disqualification of counsel required that the trial court hold an evidentiary hearing prior to removing counsel.[4] The trial court must then follow the two-step procedure set forth by the Supreme Court of Ohio in making its final determination; namely, whether the attorney's testimony would be admissible at trial; and whether one of the exceptions set forth in DR 5-101 and 5-102 would be applicable.[5] Thus, this court has found a trial court to have erred in not providing an evidentiary hearing on the motion to disqualify its counsel.[6]
In the instant case, the trial court did not state its reason for the disqualification, but we shall assume from the lawyers' motions that the disqualification was based on DR 5-102.
Appellees moved to depose Attorney White regarding his prior representation prior to the filing of the motion to remove. The record does not demonstrate that the trial court was able to review the proposed testimony to determine whether it was admissible at trial or whether any of the exceptions to DR 5-102 were applicable. Therefore, there is no evidence in the record of the substance of Attorney White's proposed testimony from which the trial court could adequately determine that disqualification was necessary.
A trial court cannot properly justify the disqualification of counsel once that counsel is called to testify by the opposing party without a judicial inquiry into the issues of law and fact underlying counsel's proposed testimony.
Therefore, there is an absence of a sufficient evidentiary basis upon which a proper disqualification of counsel can be granted. The judgment of the trial court is reversed, and the cause is remanded to the trial court to reinstate appellant's counsel unless the trial court determines that counsel's testimony would be prejudicial to his client or his former client.
FORD, J., NADER, J., concur.
[1] Mentor Lagoons, Inc. v. Rubin (1987), 31 Ohio St.3d 256, 260.
[2] Id.
[3] Id.
[4] (Citations omitted.) Mentor Lagoons, Inc. v. Teague (1991)71 Ohio App.3d 719, 722.
[5] Id.
[6] Mentor Lagoons, Inc. v. Webb (Sept. 26, 1986), Lake App. No. 11-110, unreported, 1986 WL 10593, at *2.