OPINION.
{¶ 1} This accelerated appeal, submitted on the record and the briefs of the parties, arises from the Portage County Court of Common Pleas wherein, appellant Daniel S. White ("White") was removed from representation of appellant Michael A. Shore Co., L.P.A. ("Shore").
 {¶ 2} White, an attorney, and his firm, Shore, represented appellees, C. Todd Williams and Mary E. Williams (collectively referred herein as "the Williams"), in a wet basement case against Mr. and Mrs. Robert Ludlum, who were out-of-state defendants. The Williams received a default judgment against the Ludlums, which was subsequently vacated after a successful challenge by the Ludlums. This court affirmed that vacated judgment.[1]
 {¶ 3} On October 3, 2000, the Williams filed a legal malpractice action against White and Shore, alleging that they continued to encourage the lawsuit against the Ludlums although it was apparent that it lacked merit. On December 27, 2000, appellants filed an answer and a two-count counterclaim, alleging fraud and fraudulent inducement against the Williams and requesting compensatory and punitive damages.
 {¶ 4} On June 10, 2001, the Williams filed a motion to remove White as counsel for both himself and Shore. The Williams contended that White would be called by the Williams to testify about matters concerning his representation of the Williams and that, pursuant to DR 5-102(A) of the Ohio Code of Professional Responsibility, White should not be permitted to represent himself and Shore. The trial court granted the motion to remove White from representing Shore but found that he was permitted to represent himself against the Williams in the malpractice action.
 {¶ 5} Appellants appealed the trial court's determination.[2]
This court concluded that in the absence of a sufficient evidentiary basis upon which proper disqualification could be granted, the trial court erred in removing White from representation. The matter was remanded to the trial court to either reinstate White or conduct an evidentiary hearing to review the proposed testimony in order to determine if disqualification was proper.[3]
 {¶ 6} Upon remand, an abbreviated evidentiary hearing was held on July 15, 2002. At the hearing, White testified that it was possible he would testify against his former clients on the two-count counterclaim filed by White and Shore. Attorney Sandvoss, representing the Williams, testified that he would be calling White on cross-examination in his case and that White would be questioned regarding facts relating to his representation of the Williams.
 {¶ 7} In a judgment entry dated July 15, 2002, the trial court concluded, "[t]he Court, having considered the evidence presented and based upon the pertinent disciplinary rules, hereby orders that Daniel S. White not represent Michael A. Shore, Co., LPA."
 {¶ 8} Appellants filed this timely appeal, citing a single assignment of error:
 {¶ 9} "The trial court's decision granting the plaintiffs-appellees' motion to remove Attorney Daniel S. White from the representation of defendant-appellant Michael A. Shore Co., L.P.A. constitutes reversible error."
 {¶ 10} In their assignment of error, appellants contend that there was insufficient evidence presented to warrant White's disqualification by the trial court. As a general rule, DR 5-101(B) states that a lawyer should not accept employment in a case when it is obvious that he will be called as a witness at trial. The rule also provides four exceptions to this provision. The exception on which appellants appear to rely reads:
 {¶ 11} "(B) A lawyer * * * may undertake the employment and * * * testify:
 {¶ 12} "* * *
 {¶ 13} "(4) As to any matter, if refusal would work a substantial hardship on the client because of the distinctive value of the lawyer or his firm as counsel in the particular case."
 {¶ 14} DR 5-102 relates to a situation in which a possible conflict arises after employment has been accepted, which is the case here. The rule states:
 {¶ 15} "(A) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm ought to be called as a witness on behalf of his client, he shall withdraw from the conduct of the trial and his firm, if any, shall not continue representation in the trial, except that he may continue the representation and he or a lawyer in his firm may testify in the circumstances enumerated in DR 5-101(B)(1) through (4).
 {¶ 16} "(B) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm may be called as a witness other than on behalf of his client, he may continue the representation until it is apparent that his testimony is or may be prejudicial to his client."
 {¶ 17} Where, as here, an attorney becomes aware of a possible conflict after accepting employment, there is a rebuttable presumption against continued employment which must be followed unless one of the four exceptions enumerated in DR 5-101(B) applies.[4] In reviewing whether an attorney can continue to represent his client, the trial court is not deciding whether a violation of the disciplinary rules has occurred.[5] This court must defer to the language of the disciplinary rule.
 {¶ 18} In the instant case, appellants assert that White's removal would cause a substantial hardship. However, appellants' allegations do not establish substantial hardship as that term has been defined under Ohio law.[6] Before substantial hardship can be established, it must be shown that present counsel possesses special knowledge of an area of the law.[7] Appellants have not established that in this case.
 {¶ 19} Thus, we find that the trial court did not err in removing White from representation of Shore. Appellants' assignment of error is without merit. The judgment of the trial court is affirmed.
Judgment affirmed.
CYNTHIA WESTCOTT RICE, J., concurs.
JUDITH A. CHRISTLEY, J., concurs in judgment only.
[1] Williams v. Ludlum (Aug. 20, 1999), 11th Dist. No. 98-P-0016, 1999 Ohio App. LEXIS 3869.
[2] Williams v. White (Apr. 30, 2002), 11th Dist. No. 2001-P-0072, 2002 Ohio App. LEXIS 2087.
[3] Id.
[4] Mentor Lagoons, Inc. v. Teague (1991), 71 Ohio App.3d 719, 724.
[5] Mentor Lagoons, Inc. v. Rubin (1987), 31 Ohio St.3d 256, paragraph two of the syllabus.
[6] Schaub v. Mentor Lagoons Marina (May 25, 1990), 11th Dist. No. 89-L-14-054, 1990 WL 71023.
[7] Id.