JOURNAL ENTRY AND OPINION
{¶ 1} In this appeal, plaintiff-appellant, Eira Quiros ("Quiros"), appeals from the decision of the trial court disqualifying her counsel. For the following reasons, we reverse.
 {¶ 2} On June 22, 2006, Quiros filed a multi-count consumer complaint against defendants-appellees, Jerry Morales ("Morales") et al., alleging that Morales altered financial documents after Quiros purchased a vehicle from his used car lot. On July 31, 2006, the parties entered into a settlement agreement, which provided *Page 3 
for the return of the purchased vehicle and a refund of the money paid upon its return.
 {¶ 3} On August 26, 2006, Quiros and her attorney Vincent Gonzalez ("Gonzalez") returned the vehicle, the subject of the suit, to Morales at his used car lot. Upon inspection of the car, however, Morales refused to accept the car or refund the money per the settlement agreement claiming that the vehicle was not in substantially the same condition as at the time of sale. Quiros denied that there was any damage to the vehicle at the time she returned it and claims that Morales deliberately damaged the vehicle after she returned it.
 {¶ 4} It is undisputed that Gonzalez recorded the condition of the vehicle on its return with the use of a video recorder-camera. Morales did not take pictures at the time of the return. However, Morales did take pictures at the inspection following the return, which showed the vehicle to have significant amounts of damage.
 {¶ 5} On August 31, 2006, Quiros filed a motion to show cause and/or in the alternative motion to vacate settlement and/or enter judgment in her favor. On September 15, 2006, the trial court granted Quiros's motion for judgment and entered judgment in favor of Quiros. On September 15, 2006, Morales moved to vacate this judgment, which was granted by the trial court on September 27, 2006. Morales also filed a counterclaim alleging that Quiros damaged the vehicle. The matter was set for trial.
 {¶ 6} Discovery commenced by the parties. During deposition, Quiros denied taking pictures of the vehicle at the time she returned it. However, her attorney, *Page 4 
Gonzalez, admitted that he had recorded the condition of the vehicle on a video camera. When asked to produce a copy of the video, Gonzalez refused, claiming it was work product and not discoverable.
 {¶ 7} On December 11, 2006, Morales filed a motion to compel seeking to obtain a copy of the video. In response, Gonzalez stated that the video and photographs were attorney-work product. On December 13, 2006, the trial court denied Gonzalez's motion for a protective order and ordered him to provide the photographs and video.
 {¶ 8} On December 19, 2006, Morales amended his counter-claim to include a claim for spoliation of evidence, claiming that Gonzalez "lost" the videotape, which documented the damage to the vehicle at the center of the dispute. Morales also filed a motion to disqualify Gonzalez as counsel, claiming that, as Gonzalez was the only person who took pictures of the vehicle upon its return to the lot, he would be called as a fact witness to rebut the testimony of his client, who is claiming that she returned the vehicle in perfect condition and that Morales damaged the car after she returned it. As such, Morales claims that Gonzalez's testimony would be prejudicial to his own client. Shortly thereafter, Gonzalez produced several pictures of the vehicle at the time of the exchange, but not the video recording.
 {¶ 9} Quiros did not respond to Morales's motion to disqualify within the time allotted by the trial court, and, on January 18, 2007, the trial court granted Morales's motion to disqualify as unopposed. No hearing was held. *Page 5 
 {¶ 10} On January 19, 2007, one day after the court's ruling, Quiros filed a brief in opposition to the motion to disqualify. On January 23, 2007, the trial court reissued its order granting Morales's motion to disqualify without opinion.
 {¶ 11} It is from this order that Quiros now appeals and raises the following assignment of error.
 {¶ 12} "I. The trial court abused its discretion in granting appellees' unsupported motion to disqualify counsel without first holding an evidentiary hearing to determine whether defendants had standing to move for disqualification and second, whether grounds existed for the disqualification."
 {¶ 13} In her sole assignment of error, Quiros argues that the trial court abused its discretion in granting Morales's motion to disqualify her trial counsel.
 {¶ 14} A trial court has wide discretion in the consideration of a motion to disqualify counsel. Spivey v. Bender (1991),77 Ohio App.3d 17. When reviewing a decision of the trial court to disqualify counsel, we apply an abuse of discretion standard. Mentor Lagoon, Inc. v.Teague (1991), 71 Ohio App.3d 719, 724. An abuse of discretion implies the court's attitude is unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
 {¶ 15} Disqualification of an attorney is a drastic measure, which should not be imposed unless absolutely necessary. It is the burden of the party moving for disqualification of an attorney to demonstrate that the proposed testimony may be prejudicial to that attorney's client and that disqualification is necessary. Mentor Lagoon, supra at 724. *Page 6 
 {¶ 16} Here, Morales argues that Gonzalez's testimony will be necessary to determine the condition of the vehicle at the time Quiros returned it. Specifically, that the vehicle was damaged at the time of the return and that Gonzalez took photos or a video recording of the vehicle.
 {¶ 17} A motion to disqualify counsel is to be used when "it is apparent" that a lawyer's testimony will be prejudicial to his client. See DR 5-102(B). Here, it is not apparent that Gonzalez's testimony is necessary to establish the facts surrounding the return of the vehicle to Morales's used car lot. There is no reason why the condition of the vehicle could not be established through the testimony of other witnesses, including any employees of Morales, who must have been present at the car lot at the time of the return. In addition, Gonzalez did, in fact, produce several photographs of the vehicle at the time of the return, as requested by Morales. Accordingly, any testimony Gonzalez might supply could be obtained from other witnesses. See Wasserman,Wasserman, Bryan Landry v. The MidWestern Indemnity Co. (Nov. 21, 1986), Lucas App. No. L-86-135 (reversing disqualification of counsel when testimony that would have been presented by attorney could be proven by other witnesses); Sneary v. Baty (Aug. 14, 1996), Allen App. No. 1-96-13 (reversing disqualification of attorney when attorney's testimony would not have been necessary).
 {¶ 18} Accordingly, we find that Morales failed to meet his burden, and, under these circumstances, the trial court abused its discretion in granting the motion to disqualify. *Page 7 
 {¶ 19} Quiros's sole assignment of error is sustained.
Judgment reversed.
It is ordered that appellant recover from appellees her costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ANTHONY O. CALABRESE, JR., J., and MELODY J. STEWART, J., CONCUR. *Page 1