[Cite as *Williams v. Hung*, 2023-Ohio-4540.]

COURT OF APPEALS OF OHIO

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

THOMAS WILLIAMS, :

    Plaintiff-Appellee, :

                                 No. 112645

v. :

MICHELLE HUNG, ET AL., :

    Defendants-Appellants. :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** December 14, 2023

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-22-971623

---

### *Appearances:*

Novak LLP, and William J. Novak, *for appellee.*

The Chandra Law Firm LLC, and Subodh Chandra, *for appellants*.

MICHAEL JOHN RYAN, J.:

{¶ 1} Defendants-appellants, Harry Williamson ("Williamson") and Attorney Brian Bardwell ("Attorney Bardwell"), appeal from the trial court's January 30, 2023 judgment disqualifying Attorney Bardwell from representing

Williamson.  For the reasons that follow, we reverse and remand for further proceedings.

**Procedural History**

{¶ 2} This action was filed by plaintiff-appellee, Thomas Williams ("plaintiff"), in November 2022.  In addition to Williamson and Attorney Bardwell being named as defendants, plaintiff also named as a defendant Michelle Hung ("Hung"), individually and in her official capacity as a Lorain County Commissioner.

{¶ 3} According to plaintiff's first amended complaint, which was filed in January 2023, Williamson was the 911 director for Lorain County, and while in that position, had an illicit affair with Hung, who was one of his direct supervisors. Williamson was terminated and Attorney Bardwell represented him in a Lorain County action Williamson filed in regard to his termination.

{¶ 4} Plaintiff had been the Lorain County Administrator but was terminated from his position.  According to plaintiff's amended complaint, Hung confided to plaintiff that she was having an affair with Williamson, and plaintiff, in turn, informed an assistant Lorain County prosecutor about the affair.  Shortly thereafter, plaintiff was terminated from his position.  It is plaintiff's contention in this action that his termination was a retaliatory act on the part of the defendants.  Attorney Bardwell and Williamson are codefendants in this action and Attorney Bardwell seeks to represent Williamson.

{¶ 5} Shortly after this case was initiated, plaintiff filed a motion for "emergency status conference to disqualify" Attorney Bardwell from representing

Williamson. As grounds for his disqualification request, plaintiff cited Prof.Cond.R. 1.7(a) and 4.4(a). Williamson and Attorney Bardwell opposed plaintiff's motion.

{¶ 6} The trial court held a hearing in December 2022. As stated by the trial court, the court "did not specify what the hearing was all about." *See* record at 42, Tr. 6. The issue of plaintiff's motion to disqualify Attorney Bardwell was discussed, but the trial court indicated that it was not going to decide it at that time. Rather, the court implored Attorney Bardwell to seek advice from the Ohio Supreme Court's disciplinary counsel or some other expert. *See id.*, Tr. 11-26; record at 19 (trial court's judgment holding the motion to disqualify in abeyance until December 28, 2022). Thus, the December hearing was not an evidentiary hearing. On December 27, 2022, Williamson and Attorney Bardwell filed a motion for extension of time to address the possibility of conflict in Attorney Bardwell representing Williamson.

{¶ 7} On January 30, 2023, the trial court issued its judgment disqualifying Attorney Bardwell. The substantive portion of the judgment reads as follows: "The court determines that defendant Brian Bardwell is disqualified under ethical canons from serving as legal counsel for his fellow defendant, Mr. Williamson." The following day, the trial court issued a judgment denying as moot Williamson and Attorney Bardwell's motion for an extension of time. Williamson and Attorney

Bardwell appeal from the trial court's January 30, 2023 judgment,[1] presenting the following assignment of error for our review:

I. The trial court erred and abused its discretion when — citing no applicable professional-responsibility rule — it disqualified Appellant Harry Williamson's chosen counsel Appellant Brian Bardwell after disregarding Plaintiff-Appellee Thomas Williams's lack of standing and affording Appellants no due-process hearing.

**Law and Analysis**

{¶ 8} In law, there exists "the inherent power of the court to protect the integrity of its proceedings." *Royal Indemn. Co. v. J.C. Penney Co.*, 27 Ohio St.3d 31, 34, 501 N.E.2d 617 (1986). This "includes the authority to dismiss an attorney who cannot, or will not, take part in [the court's proceedings] with a reasonable degree of propriety." *Id.*; *see also Clucas v. Vojtech*, 119 Ohio App.3d 475, 477, 695 N.E.2d 809 (9th Dist.1997) ("Thus the trial court possesses the authority to disqualify an attorney from the representation of clients if the attorney cannot conduct such representation in compliance with the Code of Professional Responsibility."). However, disqualification is a drastic measure that interferes with a party's right to choose his or her counsel and, therefore, should not be imposed unless absolutely necessary. *Kala v. Aluminum Smelting & Refining Co.*, 81 Ohio St.3d 1, 5, 688 N.E.2d 258 (1998).

---

[1] An order disqualifying an attorney from representing a client in a civil case is a final, appealable order pursuant to R.C. 2505.02(B)(4). *See Douglass v. Priddy*, 11th Dist. Geauga No. 2013-G-3172, 2014-Ohio-2881, ¶ 15, citing *Westfall v. Cross*, 144 Ohio App.3d 211, 218-219, 759 N.E.2d 881 (7th Dist.2001).

{¶ 9} A trial court has wide discretion when considering motions to disqualify counsel. *Carr v. Acacia Country Club Co.*, 8th Dist. Cuyahoga No. 91292, 2009-Ohio-628, ¶ 18. Therefore, a trial court's decision on whether to grant a motion to disqualify will not be disturbed absent an abuse of discretion. *Id.*, citing *155 N. High, Ltd. v. Cincinnati Ins. Co.*, 72 Ohio St.3d 423, 426, 650 N.E.2d 869 (1995).

{¶ 10} A court abuses its discretion when it exercises its judgment in an unwarranted way over a matter upon which it has discretionary authority. *Johnson v. Abdullah*, 166 Ohio St.3d 427, 2021-Ohio-3304, 187 N.E.3d 463, ¶ 35. "'The concept of 'abuse of discretion' as the basis for determining 'error' of the trial court connotes the right to exercise a sound discretion.'" *Id.* at ¶ 37, quoting *Rohde v. Farmer*, 23 Ohio St.2d 82, 262 N.E.2d 685 (1970). A trial court may also abuse its discretion where it "applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact." *Thomas v. Cleveland*, 176 Ohio App.3d 401, 2008-Ohio-1720, 892 N.E.2d 454, ¶ 15 (8th Dist.).

{¶ 11} The Ohio Supreme Court has "never held that a court must hold an evidentiary hearing before ruling on every motion for disqualification." *Dayton Bar Assn. v. Parisi*, 131 Ohio St.3d 345, 2012-Ohio-879, 965 N.E.2d 268, ¶ 15. Rather, "a court must hold an evidentiary hearing and issue findings of fact in ruling on a motion for disqualification of an individual or of an entire firm when an attorney has left a law firm that represents one party to an action and has joined a firm that

represents an opposing party." *Id.*, citing *Kala*, 81 Ohio St.3d 1, 688 N.E.2d 258, at syllabus.

{¶ 12} Likewise, this court has held that a hearing is not required on every motion to disqualify counsel if the trial court has sufficient evidence to issue a ruling. *See, e.g., Smith v. Smith*, 8th Dist. Cuyahoga Nos. 107205 and 107373, 2019-Ohio-990, ¶ 26; *Landzberg v. 10630 Berea Rd., Inc.*, 8th Dist. Cuyahoga No. 79574, 2002 Ohio App. LEXIS 1085, 13-14 (Mar. 14, 2002), citing *Univ. Carnegie Med. Partners Assn. v. Weiss & Kramer, Inc.*, 8th Dist. Cuyahoga No. 65422, 1994 Ohio App. LEXIS 2690, 4-5 (June 23, 1994).

{¶ 13} As grounds for his motion to disqualify Attorney Bardwell, plaintiff cited Prof.Cond.R. 1.7(a) and 4.4(a). Prof.Cond.R. 1.7(a) governs conflicts of interest and provides as follows:

> (a) A lawyer's acceptance or continuation of representation of a client creates a conflict of interest if either of the following applies:
>
> (1) the representation of that client will be directly adverse to another current client;
>
> (2) there is a substantial risk that the lawyer's ability to consider, recommend, or carry out an appropriate course of action for that client will be materially limited by the lawyer's responsibilities to another client, a former client, or a third person or by the lawyer's own personal interests.

{¶ 14} The implication in this case is that Attorney Bardwell's representation of his codefendant Williamson could compromise his own personal interests vis-à-vis Williamson's interests in violation of subsection (2). This was discussed at the December 2022 hearing, with Attorney Bardwell offering the following:

Mr. Williamson is fully aware of what's going on. We have discussed the conflict issue. He has consented to representation. I advised him to seek outside advice on whether to proceed and he has waived the conflict. It is a waivable conflict under 1.7 to the extent that conflict exists. Our position is no conflict exists.

Record at 42, Tr. 13.

{¶ 15} The court questioned Attorney Bardwell as to whether Williamson sought independent advice. Attorney Bardwell responded, "yes," that it was his understanding that Williamson consulted with another attorney and "that he still wishes to have me proceed with the representation." Record at *id.*, Tr. 14.

{¶ 16} Prof.Cond.R. 1.7 addresses waiver of conflict. The rule provides:

(b) A lawyer shall not accept or continue the representation of a client if a conflict of interest would be created pursuant to division (a) of this rule, unless all of the following apply:

(1) the lawyer will be able to provide competent and diligent representation to each affected client;

(2) each affected client gives informed consent, confirmed in writing;

(3) the representation is not precluded by division (c) of this rule.

Prof.Cond.R. 1.7(b).

{¶ 17} Subsection (c) of the rule provides as follows:

(c) Even if each affected client consents, the lawyer shall not accept or continue the representation if either of the following applies:

(1) the representation is prohibited by law;

(2) the representation would involve the assertion of a claim by one client against another client represented by the lawyer in the same proceeding.

Prof.Cond.R. 1.7(c).

{¶ 18} Although Attorney Bardwell represented to the trial court that Williamson understood the possibility of a conflict and consented to Attorney Bardwell's representation, there is no written consent in the record. Further, plaintiff contended at the December 2022 hearing that the conflict was not waivable. The trial court indicated it was not sure whether, if there is conflict, Williamson could waive it. Attorney Bardwell was ordered to get advice on that issue. The trial court's judgment does not elucidate on its decision to grant plaintiff's motion to disqualify Attorney Bardwell. And there is nothing more in the record on this issue other than plaintiff's motion and Attorney Bardwell and Williamson's opposition thereto.

{¶ 19} The record is also lacking evidence in regard to plaintiff's contention that Attorney Bardwell should be disqualified under Prof.Cond.R. 4.4(a). The rule provides as follows:

> (a) In representing a client, a lawyer shall not use means that have no substantial purpose other than to embarrass, harass, delay, or burden a third person, or use methods of obtaining evidence that violate the legal rights of such a person.

Prof.Cond.R. 4.4(a).

{¶ 20} Plaintiff makes allegations of harassment in his complaint, but those claims were not tested by the parties and the trial court did not indicate that that was the basis for it granting the motion to disqualify Attorney Bardwell.

{¶ 21} We are mindful that "disqualification is a drastic measure." *Hollis v. Hollis*, 124 Ohio App.3d 481, 485, 706 N.E.2d 798 (8th Dist.1997), citing *Musa v.*

*Gillette Communications of Ohio, Inc.*, 94 Ohio App.3d 529, 641 N.E.2d 233 (8th Dist.1994); *see also Kala*, 81 Ohio St.3d at 5, 688 N.E.2d 258. On this record, we are unable to determine whether the court's decision was within its discretion or an abuse of its discretion. Although a hearing is generally not mandated in these types of cases, it may be necessary here for development of the record. We therefore, remand this case for further clarification — via written findings, an evidentiary hearing, or both.

{¶ 22} Reversed and remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHAEL JOHN RYAN, JUDGE

ANITA LASTER MAYS, A.J., and
KATHLEEN ANN KEOUGH, J., CONCUR