MENTOR LAGOONS, INC., APPELLEE, V. RUBIN .ET AL., APPELLANTS.

[Cite as Mentor Lagoons, Inc. v. Rubin (1987), 31 Ohio St. 3d 256.]

(No. 86-1849—Decided July 15, 1987.)

*Albert C. Nozik,* for appellee.
*Kohrman, Jackson & Krantz* and *Joshua R. Cohen,* for appellants.

WRIGHT, J. As a general rule, it is inappropriate for an attorney to testify on behalf of a client as in so doing he may breach ethical requirements. DR 5-102(A) provides that "[i]f, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm ought to be called as a witness on behalf of his client, he shall withdraw from the conduct of the trial and his firm, if any, shall not continue representation in the trial, except that he may continue the representation and he or a lawyer in his firm may testify in the circumstances, enumerated in DR 5-101(B)(1) through (4)."[1]

The rationale for DR 5-102(A), as set forth in EC 5-9, is as follows:

· "Occasionally a lawyer is called upon to decide in a particular case whether he will be a witness or an advocate. If a lawyer is both counsel and witness, he becomes more easily impeachable for interest and thus may be a less effective witness. Conversely, the opposing counsel may be handicapped in challenging the credibility of the lawyer when the lawyer also appears as an advocate in the case. An advocate who becomes a witness is in the unseemly and ineffective position of arguing his own credibility. The roles of an advocate and of a witness are inconsistent; the function of an advocate is to advance or argue the cause of another, while that of a witness is to state facts objectively." See, also, VI Wigmore on Evidence (Chadbourn Rev. 1976), Section 1911.

Obviously, ethical problems may arise when an attorney seeks to testify in a proceeding in which he represents a litigant. Consequently, he should strive to avoid having exclusive possession of evidence in a case in which he is serving as counsel. However, despite careful practice, situations do occur in which an attorney's testimony is necessary to the presentation of a client's case. Thus, the principal issue before us is whether a trial court may summarily refuse to allow an attorney to testify in a case in

---

[1] The exceptions set out in DR 5-101(B)(1) through (4) are as follows:

"(1) If the testimony will relate solely to an uncontested matter.

"(2) If the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony.

"(3) If the testimony will relate solely to the nature and value of legal services rendered in the case by the lawyer or his firm to the client.

"(4) As to any matter, if refusal would work a substantial hardship on the client because of the distinctive value of the lawyer or his firm as counsel in the particular case."

which he is representing a litigant on the grounds that such testimony may be in violation of the Code of Professional Responsibility.

We first observe that DR 5-102(A) may require an attorney to withdraw from representation of a client when he must testify on behalf of that client. It is not a flat prohibition against such testimony. Furthermore, EC 5-10 directs that when the issue arises, any "doubts should be resolved in favor of the lawyer['s] testifying and against his becoming or continuing as an advocate."

While this is a case of first impression in Ohio, other courts have had occasion to rule upon the issue. See Annotation (1971), 9 A.L.R. Fed. 500 and Annotation (1985), 35 A.L.R. 4th 810 — and cases cited therein. These courts have uniformly held that while it is much better practice for an attorney not to testify on behalf of his client, testimony by an attorney is competent evidence, if otherwise admissible. *United Parts Mfg. Co.* v. *Lee Motor Products, Inc.* (C.A. 6, 1959), 266 F. 2d 20, 24; *Universal Athletic Sales Co.* v. *American Gym, Recreational & Athletic Equip. Corp.* (C.A. 3, 1976), 546 F. 2d 530, 539; *United States* v. *Birdman* (C.A. 3, 1979), 602 F. 2d 547, 556; *United States* v. *Morris* (C.A. 7, 1983), 714 F. 2d 669, 671; *Waltzer* v. *Transidyne General Corp.* (C.A. 6, 1983), 697 F. 2d 130, 134; *Hodge* v. *State* (1976), 264 Ind. 377, 380, 344 N.E. 2d 293, 295; *Gowdy* v. *Richter* (1974), 20 Ill. App. 3d 514, 523, 314 N.E. 2d 549, 556; *Barbetta Agency* v. *Sciaraffa* (1975), 135 N.J. Super. 488, 495, 343 A. 2d 770, 774; *Food Fair Stores, New Castle, Inc.* v. *Howard* (Del. 1965), 212 A. 2d 405, 409; *Miller* v. *Urban* (1937), 123 Conn. 331, 334, 195 A. 193, 194; *Farrell* v. *Farrell* (1980), 182 Conn. 34, 37, 438 A. 2d 415, 417, at fn. 2. See, also, Annotation (1971), 9 A.L.R. Fed. 500; Annotation (1985), 35 A.L.R. 4th 810; VI Wigmore on Evidence (Chadbourn Rev. 1976) 788, Section 1911.

The Code of Professional Responsibility "does not delineate rules of evidence but only sets forth strictures on attorney conduct." *Universal Athletic Sales Co.* v. *American Gym, Recreational & Athletic Equip. Corp., supra,* at 539. Consequently, in most jurisdictions, the rule barring an attorney from serving as a witness for his client is a rule of ethics and not of law. See *In re Estate of Elvers* (1970), 48 Wis. 2d 17, 179 N.W. 2d 881. An attorney is, of course, subject to disciplinary proceedings for violation of DR 5-102(A). *In re Heilgeist* (1984), 103 Ill. 2d 453, 469 N.E. 2d 1109; *Universal Athletic Sales Co.* v. *American Gym, Recreational & Athletic Equip. Corp., supra,* at 539; *Barbetta Agency* v. *Sciaraffa, supra,* 135 N.J. Super. at 495, 343 A. 2d at 774; *Food Fair Stores, New Castle, Inc.* v. *Howard, supra,* at 409; *Miller* v. *Urban, supra,* 123 Conn. at 334, 195 A. at 194. However, DR 5-102(A) is "not designed to penalize the litigant by depriving him of the benefit of testimony which may be vital to his case. Accordingly, the great weight of authority today holds that the attorney's testimony is not rendered inadmissible by the ethics rule, because the client would otherwise suffer a punishment which ought to be imposed upon the lawyer." *Food Fair Stores, New Castle, Inc.* v. *Howard, supra,* at

409. See, also, *Gradsky* v. *State* (Miss. 1962), 137 So. 2d 820; *Richardson* v. *State* (Miss. 1983), 436 So. 2d 790; VI Wigmore on Evidence, *supra,* at 788.

A trial court's refusal to allow an attorney to testify has been held to be prejudicial error. In *United States* v. *Vereen* (C.A.D.C. 1970), 429 F. 2d 713, the appellate court concluded that the trial court erred in refusing to allow counsel to testify on behalf of his client because he was the only witness available to provide testimony concerning an aspect of the case, and he had offered to withdraw and obtain new counsel for his client. Similarly, the court in *Miller* v. *Urban, supra,* 123 Conn. at 335, 195 A. at 195, concluded that "the offer to testify was ethically improper, but the exclusion of the testimony, on that ground, was legally erroneous." See, also, *Barbetta Agency* v. *Sciaraffa, supra,* 135 N.J. Super. at 495, 343 A. 2d at 774; *Waltzer* v. *Transidyne, supra.*

Neither the Ohio nor the Federal Rules of Evidence exclude a lawyer's testimony on behalf of his client. Ohio Evid. R. 601 provides that "[e]very person is competent to be a witness" unless he falls into one of the specified exceptions. Rules 605 and 606 provide that judges and jurors may not testify as witnesses in trials in which they are sitting. However, there are no evidentiary provisions specifically prohibiting the testimony by trial counsel.

Consequently, we hold that DR 5-102(A) does not render an attorney incompetent to testify as a witness in a proceeding in which he is representing a litigant. When an attorney seeks to testify, his employment as counsel goes to the weight, not the competency, of his testimony. *Gowdy* v. *Richter, supra,* 20 Ill. App. 3d at 524, 314 N.E. 2d at 556. This holding is not intended to otherwise reduce the trial court's discretion in overseeing proceedings before it or in barring testimony which is inadmissible, irrelevant, prejudicial or cumulative, and we emphasize that an attorney's testimony must be otherwise admissible pursuant to the Ohio Rules of Evidence. See *Universal Athletic Sales Co.* v. *American Gym, Recreational & Athletic Equip. Corp., supra,* at 539, fn. 22.

While we uphold the court of appeals' reversal of the trial court's summary refusal to admit Nozik's testimony, we do not adopt the reasoning of the court of appeals that a trial court is completely without authority to protect against violations of ethical conduct. A trial court has the "inherent power to regulate the practice before it and protect the integrity of its proceedings * * *" including the " 'authority and duty to see to the ethical conduct of attorneys * * *.' " *Royal Indemnity Co.* v. *J.C. Penney Co.* (1986), 27 Ohio St. 3d 31, 33-34, 27 OBR 447, 449, 501 N.E. 2d 617, 620; see, also, *D.H. Overmyer Co., Inc.* v. *Robson* (C.A. 6, 1984), 750 F. 2d. 31, 33; Canon 3A(2) of the Code of Judicial Conduct. This includes the inherent authority of dismissal or disqualification from a case if an attorney cannot, or will not, comply with the Code of Professional Responsibility when representing a client. *Id.* This power is distinct from the exclusive

authority of the Supreme Court of Ohio over attorney disciplinary proceedings, and does not conflict with such power. *Id.* See, also, Section 5(B), Article IV of the Ohio Constitution and Gov. Bar R. V; *Smith v. Kates* (1976), 46 Ohio St. 2d 263, 75 O.O. 2d 318, 348 N.E. 2d 320; *Brotherhood of Ry. Carmen of the United States & Canada v. Delpro Co.* (D. Del. 1982), 549 F. Supp. 780. Indeed we hasten to approve and encourage courts throughout this state in their efforts to halt unprofessional conduct and meet their responsibilities in reporting violations of the Code. See Canon 3B(3) of the Code of Judicial Conduct.

We therefore conclude that when an attorney representing a litigant in a pending case requests permission or is called to testify in that case, the court shall first determine the admissibility of the attorney's testimony without reference to DR 5-102(A). If the court finds that the testimony is admissible, then that attorney, opposing counsel, or the court *sua sponte,* may make a motion requesting the attorney to withdraw voluntarily or be disqualified by the court from further representation in the case. The court must then consider whether any of the exceptions to DR 5-102 are applicable and, thus, whether the attorney may testify and continue to provide representation. In making these determinations, the court is not deciding whether a Disciplinary Rule will be violated, but rather preventing a potential violation of the Code of Professional Responsibility.

In the subject case, the trial court erred in holding that DR 5-102(A) barred Nozik's testimony, Accordingly, for the reasons stated herein, the judgment of the court of appeals, as modified, is affirmed and the cause is remanded to the trial court for further proceedings consistent with this opinion.

*Judgment affirmed as modified*
*and cause remanded.*

MOYER, C.J., SWEENEY, LOCHER, HOLMES and H. BROWN, JJ., concur.

DOUGLAS, J., dissents.