**Schaub v.
Mentor Lagoons Marina**
*[Cite as 3 AOA 322]*

Case No. 89-L-14-054
Lake County, (11th)
Decided May 25, 1990

Robert J. Foulds, David G. Utley, 29001 Cedar Road, Suite 655, Lyndhurst, Ohio, 44124, for Plaintiff-Appellee.

Albert C. Nozik, 7833 Lakeshore Boulevard, Mentor-on-the-Lake, Ohio 44060, for Defendant-Appellant.

MAHONEY, J.

This is an accelerated calendar case.

On March 24, 1988, the appellee, Richard E. Schaub, filed a complaint in the Lake County Court of Common Pleas seeking damages from the appellant, Mentor Lagoons Marina, due to negligence in the care and maintenance of the appellee's boat. Counsel for the appellant, Albert C. Nozik, happens to own Mentor Lagoons Marina.

On November 16, 1988, the matter was referred to arbitration for further disposition. On December 6, 1988, the appellee filed a motion to disqualify Nozik from representing the appellant based on DR 5-101(B) and DR 5-102(A) of the Code of Professional Responsibility. On December 15, 1988, the arbitrators decided the case in favor of the appellant from which the appellee filed an appeal *de novo* to the common pleas court on December 30, 1988.

On April 13, 1989, the trial court granted the appellee's motion to disqualify Nozik as counsel for the appellant. From that order, the appellant timely filed a notice of appeal, setting forth the following assignment of error:

"The trial court erred in granting plaintiff's motion to disqualify Albert Nozik from continuing his representation of defendant in violation of DR 5-102 and DR 5-101(B)(4)."

The appellants's sole assignment of error is that the trial court erred in granting the appellee's motion to disqualify attorney Albert Nozik pursuant to DR 5-102 and DR 5-101(B)(4).

The Ohio Supreme Court addressed the issue of the disqualification of an attorney in *Mentor Lagoons, Inc.* v. *Rubin* (1987), 31 Ohio St. 3d 256. At paragraph two of the syllabus, the court held:

"When an attorney representing a litigant in a pending case requests permission or is called to testify in that case, the court shall first determine the admissibility of the attorney's testimony without reference to DR 5-102(A). If the court finds that the testimony is admissible, then that attorney, opposing counsel, or the court *sua sponte*, may make a motion requesting the attorney to withdraw voluntarily or be disqualified by the court from further representation in the case. The court must then consider whether any of the exceptions to DR 5-102 are applicable and, thus, whether the attorney may testify and continue to provide representation. In making these determinations, the court is not deciding whether a Disciplinary Rule will be violated, but rather preventing a potential violation of the Code of Professional Responsibility." DR 5-102 provides as follows:

"(A) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm ought to be called as a witness on behalf of his client, he shall withdraw from the conduct of the trial and his firm, if any, shall not continue representation in the trial, except that he may continue the representation and he or a lawyer in his firm may testify in the circumstances enumerated in DR 5-101(B)(1) through (4).

"(B) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm may be called as a witness other than on behalf of his client, he may continue the representation until it is apparent that his testimony is or may be prejudicial to his client."

The exceptions to DR 5-102 are set forth in DR 5-101(B) which provides, in pertinent part:

"(B) A lawyer shall not accept employment in contemplated or pending litigation if he knows or it is obvious that he or a lawyer in his firm ought to be called as a witness, except that he may undertake the employment and he or a lawyer in his firm may testify:

(1) If the testimony will relate solely to an uncontested matter.

(2) If the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony.

(3) If the testimony will relate solely to the nature and value of legal services rendered in the case by the lawyer or his firm to the client.

(4) As to any matter, if refusal would work a substantial hardship on the client because of

the distinctive value of the lawyer or his firm as counsel in the particular case."

In the present case, the trial court's journal entry disqualifying Nozik as counsel for the appellant indicates that a hearing was held on the matter and briefs submitted by the parties. Nozik admitted that he planned to testify at trial, and the trial court specifically determined that Nozik's testimony would be prima facie admissible, barring unforeseen reasons to the contrary.

The next step the court must take under the Supreme Court's analysis in *Mentor Lagoons, Inc., supra,* is to determine whether any of the exceptions to DR 5-102 are applicable. It is clear that none of the first three exceptions apply. The appellant argues that the exception set forth in DR 5-101(B)(4) is applicable to the present case, namely, that Mentor Lagoons would suffer great financial hardship if it were forced to employ outside counsel. Counsel for the appellant asks, at page two of his brief:

"* * * What greater hardship can there be in most lawsuits than financial? That is what lawsuits generally are all about, and the case *sub judis* [sic] is no different in that respect."

"* * *"

The trial court rejected the appellant's argument of substantial hardship, stating in its April 13, 1989 order:

"* * *

"Essentially defense counsel's arguments are based on financial consideration, not expertise. Such is not the 'substantial hardship' con templated by DR 5-101(B)(4). *In the Matter of the Appeals of Richardson* v. *Board of Revision* (Mar. 15, 1979), Cuyahoga App. Nos. 38566, 38567, 38569, 38570, unreported."

"* * *"

Counsel for the appellant also contends that he has distinctive value to the appellant in that he occupies many positions. He claims to be a partner, an owner, a manager, and an expert in many phases of the operation of Mentor Lagoons Marina. While this may be true, the trial court determined that the issues in the present case are not complex and do not require specialized expertise. The trial court stated in its order:

"* * *. The fact that he wears may hats in relation to the operation of the marina is insufficient."

It is clear that the trial court correctly followed the Supreme Court's holding in *Mentor Lagoons, Inc., supra,* in determining whether Nozik should be dismissed as the appellant's attorney. The appellant has failed to show error on the part of the trial court and, therefore, the trial court's order must stand.

The appellant's sole assignment of error is without merit.

For the reasons stated herein, the decision of the trial court is affirmed.

*Judgment affirmed.*

CHRISTLEY, P.J., and FORD, J., concur.