**STATE of Missouri, Respondent,**

v.

**Darryl MASON, Appellant.**

**No. 61904.**

Missouri Court of Appeals, Eastern District, Division One.

Oct. 12, 1993.

Elizabeth Haines, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Michael J. Runzi, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Defendant appeals his conviction for possession of a controlled substance, § 195.202, RSMo Supp.1992. We affirm in part and reverse in part.

On August 16, 1991 at approximately 2 p.m., Defendant was standing on the premises of the Darst–Webbe Housing Project at 1600 South Fourteenth Street with a woman. Officers Foster and Bailey, security guards for Darst–Webbe, approached Defendant. Foster testified he recognized Defendant as someone he had previously warned about trespassing. At this time, Foster patted down Defendant's outer clothing to determine whether he had any weapons. At trial, Foster testified he then placed Defendant under arrest for trespassing and conducted a "custodial" search of Defendant. He further testified the custodial search incident to Defendant's arrest revealed an off-white rock substance, identified at trial as cocaine base, a form of cocaine known as "crack." Defendant was then transported to the project's security office, where he was turned over to the metropolitan police.

At his trial for possession of cocaine base, Defendant made a motion to suppress evidence claiming it was seized in violation of his Fourth Amendment rights. At the hearing on that motion, Foster testified he found the cocaine base in a custodial search after he had arrested Defendant for trespassing. On cross-examination, Foster was questioned extensively about this testimony. The crux of the cross-examination was to impeach Foster with his prior inconsistent statements from the preliminary hearing:

Q. Okay. Do you remember coming to court in September and testifying about this case?

A. Yes, I do.

Q. And do you remember taking the stand and being under oath and testifying?

A. Right.

Q. And it was a preliminary hearing, right?

A. Right.

Q. Do you remember testifying that during your search for weapons that was the time you found the rock of cocaine?

A. No. I said the first thing I did before I told him he was placed under arrest was a pat down of the outer garments for my safety and the safety of my fellow officer.

\*　　\*　　\*　　\*　　\*　　\*

Q. Right. But my question is: Do you recall saying you found it at the time you were searching for weapons for your own safety?

A. I recall saying that after I placed him under arrest; I found it.

The motion to suppress was overruled.

Following the State's opening statement, Defendant's attorney, Douglas Wilburn, made a motion to withdraw arguing he had a potential conflict of interest because he could

be called as a witness to rebut testimony of Officer Foster. He asserted he could testify Foster had made prior inconsistent statements at the preliminary hearing. The trial court delayed ruling on the motion until after Foster testified at trial.

At trial, Foster's testimony was virtually identical to that of the pre-trial motion to suppress hearing. Defendant renewed his motion to suppress, which was overruled. Wilburn renewed his motion to withdraw, which was summarily overruled by the trial court.

Prior to defense resting, Wilburn made an offer of proof on his earlier motion to withdraw. Wilburn stated that if he were to testify, he would explain that at Defendant's preliminary hearing, Foster testified he discovered the rock of cocaine in his initial search of Defendant for weapons prior to arrest. Wilburn stated he was the only available witness to testify to Foster's prior inconsistent statements. He stated the judge in the matter was unavailable to testify because he was ill. He then argued that if he would not be allowed to withdraw, the trial court should grant a continuance. The court refused to allow Wilburn to testify or to withdraw. It also denied the motion for continuance.

■ On appeal, Defendant argues the trial court erred in overruling his attorney's motion to withdraw so that he could testify. Defendant asserts he is entitled to impeach Foster with his prior inconsistent statements on a material matter and defense counsel's testimony was the only way he could present this evidence.

In advocating his position for withdrawal, Defendant relies primarily on Rule 3.7 of the Rules of Professional Conduct which states:

(a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where:

(1) the testimony relates to an uncontested issue;

(2) the testimony relates to the nature and value of legal services rendered in the case; or

(3) disqualification of the lawyer would work substantial hardship on the client.

S.Ct.R. 4. However, this rule governs the ethical conduct of attorneys and is not a rule of evidence. *See, Mentor Lagoons, Inc. v. Rubin,* 31 Ohio St.3d 256, 31 OBR 459, 510 N.E.2d 379, 381[1] (1987) ("the rule barring an attorney from serving as a witness for his client is a rule of ethics and not of law"). Therefore, we examine: (1) whether the rules of evidence would permit Wilburn to testify; and (2) if so, whether the ethics rules require withdrawal. *Id.* at 382[3]; *See also, Nunn v. State,* 778 S.W.2d 707, 710–11[1] (Mo.App.1989).

Testimony from Defendant's attorney is competent evidence and Wilburn could properly offer himself as a witness. *Nunn,* 778 S.W.2d at 711[1]; *See also, Mentor Lagoons,* 510 N.E.2d at 381[1]; *State v. Blake,* 157 Conn. 99, 249 A.2d 232, 234[1] (1968). However, such testimony may have been properly excluded if it would have constituted improper impeachment. *See, Lineberry v. Shull,* 695 S.W.2d 132, 136[11] (Mo.App.1985) (impeachment with extrinsic proof of a prior inconsistent statement only allowed for material matters).

■ We need not decide, however, whether impeachment would be proper in this case. Even if impeachment were proper, serious question exists whether the only available evidence to impeach Foster was the testimony of Wilburn and if he should have been allowed to withdraw to so testify. Rule 3.7 of the Rules of Professional Conduct generally prohibits an attorney from simultaneously serving as advocate and witness at a trial. *See, State v. Johnson,* 702 S.W.2d 65, 68–69 (Mo. banc 1985); *State ex rel. Fleer v. Conley,* 809 S.W.2d 405, 409 (Mo.App.1991). However, Wilburn failed to show he was in the unique position of being the only witness available who could testify about the preliminary hearing. *See, Fleer,* 809 S.W.2d at 406 (attorney only person present during alleged conversation); *Nunn,* 778 S.W.2d at 708–09 (attorney to testify regarding telephone conversation with witness who made prior inconsistent statements). Wilburn merely stated the judge in the matter was unavailable to testify. Wilburn failed to show he was the only other person present at the hearing who

could testify. Therefore, the trial court did not err in refusing to allow Wilburn to withdraw and testify. Point denied.

■ Defendant further asserts, and the State agrees, the trial court plainly erred when it sentenced him as a prior offender, subject to a minimum prison term of 60 percent, pursuant to § 558.019.

Defendant was charged by information on September 9, 1991, with possession of a controlled substance as a prior and persistent offender. On September 19, 1991, the State amended the information to allege Defendant qualified as a persistent offender subject to a minimum prison term pursuant to § 558.019, RSMo Supp.1992. A jury convicted Defendant of the crime charged on December 4, 1991. The judge sentenced Defendant to six years' imprisonment in accordance with § 558.016, RSMo Supp.1992; § 558.019, RSMo Supp.1992; and § 195.200, RSMo Supp.1992.

Section 558.019 provides minimum prison terms for certain prior, persistent, or class X offenders. The terms of § 558.019 clearly provide its provisions are only applicable to class A and B felonies and dangerous felonies. § 558.019.2. Defendant's conviction was for neither a class A or B felony nor a dangerous felony. Possession of a controlled substance, i.e., cocaine, is a class C felony. § 195.202. Also, such a conviction is not within the definition of dangerous felony. § 556.061(8), RSMo Supp.1992.

Defendant's conviction for possession of a controlled substance was enhanced by the provisions of § 558.016. However, such enhancement does not change the underlying conviction, which remains a class C felony. *See, State v. Flenoid,* 838 S.W.2d 462, 466[1] (Mo.App.1992) (sentence enhancement under § 195.285 to a term of years authorized for a class A felony does not enhance the underlying conviction from a class C felony); *State v. Richardson,* 838 S.W.2d 122, 126[11] (Mo. App.1992) (sentence enhancement under § 195.285 does not reclassify a class C felony as a class B felony). Therefore, the trial court plainly erred in sentencing Defendant to a minimum prison term pursuant to § 558.019.

Defendant finally argues the trial court erred in submitting to the jury an instruction patterned after MAI–CR3d 302.04 which defines "reasonable doubt." Defendant argues the definition "firmly convinced" suggests a higher degree of doubt than is constitutionally required for acquittal. Our Supreme Court has consistently upheld this instruction as constitutional. *See, State v. Griffin,* 848 S.W.2d 464, 468–69 (Mo. banc 1993). Point denied.

We reverse that portion of the trial court's judgment sentencing Defendant as a prior offender in accordance with § 558.019 requiring Defendant serve a minimum prison term before he is eligible for parole. The judgment is in all other respects affirmed.

CRANDALL, P.J., and REINHARD, J., concur.