**HALL, Appellee,**

v.

**TUCKER, Appellant.**

[Cite as *Hall v. Tucker,* 169 Ohio App.3d 520, 2006-Ohio-5895.]

Court of Appeals of Ohio,
Fourth District, Jackson County.

No. 06CA3.

Decided Nov. 3, 2006.

Lavelle and Associates, John P. Lavelle, and Robert R. Rittenhouse, for appellant.

John M. Manos Co. L.P.A., and John M. Manos; Richard M. Lewis, L.L.C., and Richard M. Lewis, for appellee.

KLINE, Judge.

{¶ 1} Robert A. Tucker appeals the judgment of the Jackson County Court of Common Pleas disqualifying his attorneys, Robert P. Zoller and Christopher E. Torkelson, from serving as his counsel at trial. Tucker asserts that the trial court erred when it disqualified his counsel without conducting a full evidentiary hearing. Because we find that the trial court failed to conduct *any* evidentiary hearing before disqualifying Tucker's counsel, oral or otherwise, we agree. Tucker also contends that the trial court abused its discretion by disqualifying his counsel absent a specific showing that his counsel's testimony, if offered by the appellee, would prejudice him. Because the record contains no evidence from which the trial court could find that the testimony of attorneys Torkelson and Zoller would be prejudicial to their client, we agree. Accordingly, we sustain each of Tucker's assignments of error, and we remand this cause for further proceedings consistent with this decision.

I

{¶ 2} This matter arises out of Tucker's 1998 purchase of a horse from Hall. After Tucker took possession of the horse, he learned that she suffered from a medical condition that Hall had failed to disclose to him. Tucker claimed that the medical condition rendered the horse unfit to serve as a brood mare and filed suit in the United States District Court of New Jersey to rescind the sale.

{¶ 3} The New Jersey court referred the dispute to arbitration. The arbitrator ruled in Tucker's favor and ordered the sale rescinded. Additionally, the arbitrator ordered Hall to pay monetary damages reflecting certain costs that Tucker had incurred in caring for the horse and her foal. Neither party appealed the arbitration award, and the New Jersey court reduced it to a judgment. Tucker then enforced the judgment against Hall in Ohio, collecting a total of

$99,784.02 in full satisfaction of the New Jersey judgment. But Tucker failed to return or release the horse to Hall.

{¶ 4} Hall filed a complaint against Tucker in the Jackson County Court of Common Pleas, alleging abuse of process and conversion and seeking restitution of all funds he paid to Tucker pursuant to the New Jersey judgment.

{¶ 5} Tucker moved to dismiss the complaint, alleging that the trial court lacked both personal and subject-matter jurisdiction. In ruling upon Tucker's motion, the trial court found that Hall had set forth sufficient allegations at that time to establish jurisdiction. However, the trial court concluded that because the basis of its jurisdiction was Tucker's alleged tortious conduct relative to the abuse-of-process claim, it had jurisdiction to consider only causes of action arising out of that tortious conduct. Therefore, the trial court dismissed Hall's restitution and conversion claims for lack of personal and subject-matter jurisdiction. The court later granted Tucker summary judgment upon Hall's abuse-of-process claim.

{¶ 6} Hall appealed the trial court's judgment, and Tucker cross-appealed. In *Hall v. Tucker*, 161 Ohio App.3d 245, 2005-Ohio-2674, 829 N.E.2d 1259 (*"Hall I"*), this court held that the trial court erred in dismissing Hall's claims for restitution and conversion for lack of personal jurisdiction over Tucker. Id. at ¶ 32. We further held that Hall demonstrated that a genuine issue of material fact exists with regard to Tucker's intent to pervert the legal process to achieve an ulterior purpose for which it was not designed, and therefore, that the trial court improperly granted summary judgment to Tucker upon Hall's claim for abuse of process. Id. at ¶ 40.

{¶ 7} With respect to Tucker's cross-appeal, we held that Hall's request for restitution and causes of action for conversion and abuse of process did not constitute collateral attacks upon the prior New Jersey judgment, and therefore the doctrine of res judicata did not bar them. Id. at ¶ 48. Further, we held that the record contained sufficient evidence to support a finding that the trial court had subject-matter jurisdiction over Hall's request for restitution and claims for conversion and abuse of process. Id. at ¶ 56. Accordingly, we sustained each of Hall's assignments of error, overruled each of Tucker's assignments of error, reversed the trial court's judgment, and remanded the cause for further proceedings. Id. at ¶ 61.

{¶ 8} Upon remand, the trial court conducted a pretrial and issued a scheduling order, establishing the deadline for Tucker to file his answer, establishing a discovery cutoff date, and setting the matter for trial commencing on January 31, 2006.

{¶ 9} In September 2005, Tucker's counsel moved the court to admit attorneys Torkelson and Zoller, Tucker's New Jersey counsel, pro hac vice. The court granted the motion. Thereafter, Tucker retained new local counsel. Tucker's new counsel filed a notice of substitution of counsel and requested leave of court for his previous Ohio counsel to withdraw, which the court granted.

{¶ 10} In January 2006, the court conducted a pretrial hearing. Tucker, Torkelson, and Zoller did not attend that hearing because their airline canceled their flight from New Jersey due to inclement weather. During the course of the pretrial, Hall's counsel raised the issue of disqualifying attorneys Torkelson and Zoller on the ground that he intended to call them as material witnesses at trial. Specifically, Hall's counsel stated that he intended to call attorneys Torkelson and Zoller to inquire whether they received certain correspondence that Hall's previous counsel had sent to the Ohio attorneys who represented Tucker when he sought to enforce the New Jersey judgment in Ohio. While Hall's counsel submitted three exhibits at the hearing, the record does not reflect that the trial court properly admitted those exhibits into evidence.[1] The court heard argument from counsel, and indicated that it would take the matter under advisement.

{¶ 11} On January 18, 2006, the trial court issued an entry ordering, inter alia, (1) the disqualification of attorneys Torkelson and Zoller because "it is apparent to the Court that their testimony would or might be prejudicial to [Tucker]. (DR 5–102(B))," (2) the vacation of its September 29, 2005 entry admitting attorneys Torkelson and Zoller pro hac vice, and (3) the rescheduling of the trial for April 5, 6, and 7, 2006.

{¶ 12} Tucker appeals, raising the following assignments of error: I. "The trial court erred in failing to conduct a full evidentiary hearing before disqualifying defendant-appellant's counsel." II. "The trial court erred in disqualifying defendant-appellant's counsel absent a specific showing of prejudice to defendant-appellant."

## II

{¶ 13} In his second assignment of error, Tucker contends that the trial court abused its discretion by disqualifying attorneys Torkelson and Zoller in the absence of any evidence tending to show that their testimony would prejudice him.

---

1. The exhibits presented included (1) a letter purporting to be from Mr. Manos to Mr. Weber dated September 23, 2005, (2) a letter from Mr. Manos to Mr. Weber dated October 31, 2005, and (3) a summary of a malpractice settlement.

■ {¶ 14} A trial court has broad discretion when exercising its duty to supervise the conduct of attorneys who appear before it. *Royal Indemn. Co. v. J.C. Penney Co.* (1986), 27 Ohio St.3d 31, 35, 27 OBR 447, 501 N.E.2d 617. An appellate court will uphold a trial court's rulings in those matters unless the court abused its discretion. Id. See, also, *155 N. High, Ltd. v. Cincinnati Ins. Co.* (1995), 72 Ohio St.3d 423, 426, 650 N.E.2d 869. An "abuse of discretion" connotes that the court's attitude is "unreasonable, arbitrary, or unconscionable." *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140; *Booth v. Booth* (1989), 44 Ohio St.3d 142, 144, 541 N.E.2d 1028.

{¶ 15} DR 5–102 addresses counsel's duty to withdraw from representation when he becomes a witness. It provides: "(A) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm ought to be called as a witness on behalf of his client, he shall withdraw from the conduct of the trial and his firm, if any, shall not continue representation in the trial, except that he may continue the representation and he or a lawyer in his firm may testify in the circumstances enumerated in DR 5–101(B)(1) through (4). (B) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm may be called as a witness other than on behalf of his client, he may continue the representation until it is apparent that his testimony is or may be prejudicial to his client."

■ {¶ 16} DR 5–102(A) contemplates that an attorney who will appear as a witness on behalf of his client *shall* withdraw, unless one of the exceptions enumerated in DR 5–101(B)(1)–(4) exists. In contrast, DR 5–102(B) addresses situations in which an opposing party intends to call counsel as a witness and incorporates a presumption in favor of continued representation. (Citation omitted.) *Waliszewski v. Caravona Builders, Inc.* (1998), 127 Ohio App.3d 429, 432, 713 N.E.2d 65. See, also, *Pilot Corp. v. Abel*, Franklin App. No. 01AP–1204, 2002-Ohio-2812, 2002 WL 1164114, at ¶ 14. Disqualification of counsel is a "drastic measure" that a court should not impose unless "absolutely necessary." *Spivey v. Bender* (1991), 77 Ohio App.3d 17, 22, 601 N.E.2d 56, quoting *Gould, Inc. v. Mitsui Mining & Smelting Co.* (N.D.Ohio 1990), 738 F.Supp. 1121, 1126.

■ {¶ 17} The Supreme Court of Ohio, in *Mentor Lagoons, Inc. v. Rubin* (1987), 31 Ohio St.3d 256, 31 OBR 459, 510 N.E.2d 379, set forth a procedure for courts to follow in determining whether a lawyer can serve as both an advocate and a witness. First, the court must determine the admissibility of the attorney's testimony without reference to the Disciplinary Rules. Id. at paragraph two of the syllabus. If the court finds the testimony admissible, the party may move for the attorney to withdraw or be disqualified, or the court may raise the issue sua sponte. Id. The court must then consider whether any exceptions to the

Disciplinary Rules apply that would permit the attorney to testify and continue representation. Id. In making these determinations, the court does not decide whether an attorney's testimony will violate a Disciplinary Rule, but rather prevents a potential violation of the Code of Professional Responsibility. Id. The party seeking disqualification of an attorney bears the burden of demonstrating that the proposed testimony may be prejudicial to that attorney's client and that disqualification is necessary. *Waliszewski*, 127 Ohio App.3d at 433, 713 N.E.2d 65; *Pilot*, 2002-Ohio-2812, 2002 WL 1164114, at ¶ 13. See, also, *Creggin Group, Ltd. v. Crown Diversified Industries Corp.* (1996), 113 Ohio App.3d 853, 858, 682 N.E.2d 692.

{¶ 18} At the pretrial hearing, Hall's counsel did not specifically move the court to disqualify Tucker's New Jersey counsel. Instead, he merely indicated that he intended to call those attorneys as witnesses to inquire about certain correspondence between Hall's former counsel and Tucker's former Ohio counsel in order to determine whether they and/or their client received that correspondence. Hall's counsel took the position that if attorneys Torkelson and Zoller insisted upon placing themselves in the position of attorney and witness, it was incumbent upon the court to disqualify them because they would be material witnesses.

{¶ 19} While the court heard argument from both Hall's and Tucker's counsel on the issue, it received no evidence tending to show what the substance of Torkelson and Zoller's testimony at trial would be. Therefore, the record contains no evidence to aid the court in determining whether their testimony would be admissible—the first step of the analysis required by *Mentor Lagoons*, 31 Ohio St.3d 256, 31 OBR 459, 510 N.E.2d 379. Nor does it contain any evidence from which the court could determine whether their testimony would prejudice their client such that the presumption of continued representation contained in DR 5–102(B) should not apply. Therefore, we hold that the trial court abused its discretion when it disqualified attorneys Torkelson and Zoller in the absence of any evidence tending to demonstrate that their testimony would be prejudicial to Tucker. Accordingly, we sustain Tucker's second assignment of error.

## III

{¶ 20} In his first assignment of error, Tucker contends that the trial court erred in disqualifying attorneys Torkelson and Zoller pursuant to DR 5–102 without conducting a full evidentiary hearing to determine whether their testimony would be prejudicial to him.

{¶ 21} Tucker contends that pursuant to the Eighth Appellate District's decision in *Ross v. Ross* (1994), 94 Ohio App.3d 123, 640 N.E.2d 265, a court may not disqualify counsel under DR 5–102 without first conducting a full evidentiary

hearing. In *Ross,* the court held that in light of the analysis required by *Mentor Lagoons,* in order to disqualify counsel under DR 5–102, "it is a reversible error for the trial court to summarily disqualify an attorney solely on a paper allegation without a hearing." Id. at 130, 640 N.E.2d 265, citing *Mentor Lagoons,* 31 Ohio St.3d at 258, 31 OBR 459, 510 N.E.2d 379.

{¶ 22} However, the Eighth Appellate District later clarified its position, noting: "Significantly, while the *Ross* court did mandate that a hearing be conducted, it did not mandate the manner in which that hearing was to be conducted." *Landzberg v. 10630 Berea Road, Inc.,* Cuyahoga App. No. 79574, 2002 WL 449719, at *4. The *Landzberg* court further noted its previous holding that a motion to disqualify counsel did not require an oral hearing when the trial court had sufficient evidence before it to determine that an exception to the Disciplinary Rules did not apply, making it evident that the failure to conduct a hearing did not prejudice the appellant. Id. at *5, citing *Univ. Carnegie Med. Partners Assn. v. Weiss & Kramer, Inc.* (Jun. 23, 1994), Cuyahoga App. No. 65422, 1994 WL 285006. See, also, *Luce v. Alcox,* Franklin App. No. 04AP–1250, 2005-Ohio-3373, 2005 WL 1532396, at ¶ 6.

{¶ 23} We have already determined that the trial court abused its discretion in disqualifying attorneys Torkelson and Zoller in the absence of any evidence demonstrating that their testimony at trial would be prejudicial to Tucker. Therefore, we agree with Tucker's assignment of error to the extent that the trial court failed to conduct *any* evidentiary hearing before disqualifying his counsel. However, the parties could conceivably submit sufficient evidence for the court to make the necessary determinations in a paper hearing, perhaps in the form of deposition testimony, affidavits, or a written stipulation as to the content of counsel's testimony. Therefore, it is not clear that an oral hearing is necessary to determine whether the testimony of attorneys Torkelson and Zoller is admissible and whether it will prejudice Tucker.

{¶ 24} Therefore, we sustain Tucker's first assignment of error and hold that before the trial court can disqualify Tucker's counsel, it must conduct some form of hearing. We sustain Tucker's second assignment of error because the trial court disqualified attorneys Torkelson and Zoller without any evidence tending to demonstrate that their testimony would be prejudicial to Tucker. Accordingly, we reverse the trial court's judgment and remand this cause for further evidentiary proceedings consistent with this decision.

Judgment reversed.

HARSHA, P.J., and ABELE, J., concur.