DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellants, Telsat Inc. ("Telsat"), Caroline Mueller, John Does 1-3, and George Sintsirmas ("Sintsirmas"), appeal the decision of the Cuyahoga Falls Municipal Court disqualifying attorney Sintsirmas. We affirm.
 I. {¶ 2} On April 25, 2006, Appellee, Michael Quigley, filed a complaint against Appellants, alleging breach of contract, unjust enrichment and fraud. Appellee specifically alleged that Sintsirmas, in his individual and in his representative capacity as incorporator and manager of Telsat, made false, verbal *Page 2 
statements that Appellants would pay Appellee for work performed. Appellants answered the complaint on May 23, 2006, denying all of Appellee's allegations. Appellee subsequently filed a motion to disqualify Appellants' attorney, Sintsirmas. Appellants filed a brief in opposition. On August 17, 2006, the magistrate disqualified Sintsirmas. On October 30, 2006, the trial court adopted the magistrate's decision disqualifying Sintsirmas. Appellants timely appealed from the decision, asserting one assignment of error for our review.
 II. ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED TO THE PREJUDICE OF [APPELLANTS] WHEN IT DISQUALIFIED SINTSIRMAS FROM REPRESENTING [APPELLANTS] IN THE WITHIN ACTION."
 {¶ 3} In their sole assignment of error, Appellants allege that the trial court erred to the prejudice of Appellants when it disqualified Sintsirmas from representing them. We disagree.
 {¶ 4} "`A trial court has wide discretion in the exercise of its duty to supervise members of the bar appearing before it.'" Coulson v.Goodyear Tire Rubber Co. (June 21, 2000), 9th Dist. No. 19485 at *3, quoting Royal Indemnity Co. v. J.C. Penney Co. (1986), 27 Ohio St.3d 31,35. "A trial court's rulings in supervising the attorneys appearing before it will be upheld absent an abuse of discretion." (Internal citations omitted.) Id., citing 155 N. High, Ltd. v. Cincinnati Ins.Co. (1995), 72 Ohio St.3d 423, 426. An abuse of discretion is more than an *Page 3 
error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219. An abuse of discretion demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619,621. When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. Id.
 {¶ 5} "When an attorney learns, during employment for contemplated or pending litigation, that he may be called to testify as a witness in the matter, the propriety of his continuing representation is governed by DR 5-102(A) and (B)[1]." Waliszewski v. Caravona Builders, Inc. (1998),127 Ohio App.3d 429, 431. DR 5-102(A) states:
 "If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm ought to be called as a witness on behalf of his client, he shall withdraw from the conduct of the trial and his firm, if any, shall not continue representation in the trial, except that he may continue the representation and he or a lawyer in his firm may testify in the circumstances enumerated in DR 5-101(B)(1) through (4)." *Page 4 
 {¶ 6} In contrast, DR 5-102(B) concerns situations where counsel learns he will be called by the opposing party. Id. at 432. DR 5-102(B) states "[i]f, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm may be called as a witness other than on behalf of his client, he may continue representation until it is apparent that his testimony is or may be prejudicial to his client." While DR 5-102(A) states that an attorney shall withdraw, "DR 5-102(B) is inherently different, in that it incorporates a presumption in favor of continued representation."Waliszewski, 127 Ohio App.3d at 432. Because the disqualification of an attorney is such a drastic measure, it should only be imposed when absolutely necessary. Spivey v. Bender (1991), 77 Ohio App.3d 17, 22. Appellants argue that DR 5-102(A) does not apply in this case as Sintsirmas filed an affidavit stating his clients do not intend to call him as a witness. However, "this is irrelevant. The threshold consideration is whether counsel `ought to be called as a witness on behalf of his client.'" Coulson, supra, at *4, quoting DR 5-102(A).
 {¶ 7} The Ohio Supreme Court has set forth a procedure for the courts to follow when determining whether an attorney can act as both an advocate and a witness. See Mentor Lagoons, Inc. v. Rubin (1987),31 Ohio St.3d 256. The court must first determine, without reference to the Disciplinary Rules, whether the *Page 5 
attorney's testimony would be admissible. Id. at paragraph two of the syllabus. If admissible, a party may then move for the attorney to withdraw or be disqualified, or the trial court may raise the issue sua sponte. Id. The court then must consider whether any exception applies to the Disciplinary Rules, thus permitting the attorney to testify while continuing representation. Id. "[I]t is the burden of the party moving for disqualification of an attorney to demonstrate that the proposed testimony may be prejudicial to that attorney's client and that disqualification is necessary." Waliszewski, 127 Ohio App.3d at 433.
 {¶ 8} In the present case, the trial court noted that Sintsirmas was a potential witness in the case as well as an individually named defendant, and that he held a substantial interest in Telsat. While it is not entirely clear from the trial court's order affirming the magistrate's decision upon which subsection of DR 5-102 it relied, the magistrate specifically stated he decided the issue under DR 5-102(A). In his motion to disqualify Sintsirmas, Appellee argued first that Sintsirmas ought to testify under DR 5-102. Appellee argued in the alternative that "[assuming Mr. Sintsirmas will not call himself as a witness for his corporation, he will be certainly called by Plaintiff to testify with respect to the facts constituting the fraud alleged by Plaintiff, through actions of Mr. Sintsirmas himself as a businessparticipant in the underlying transaction." (Emphasis sic.) The court determined that because of these factors, Sintsirmas' clients, i.e., his co-defendants, *Page 6 
would be prejudiced by his representation and therefore adopted the magistrate's findings and affirmed his decision.
 {¶ 9} Appellee alleged in his complaint that "Sintsirmas [is] * * * personally liable for claims herein because Defendant Telsat is merely the `alter ego' of said Defendants and the corporate veil should be pierced." Further, in his allegations of fraud, Appellee contends that Sintsirmas, in his individual capacity as one of the authorized representatives of all of the other defendants, "orally falsely represented that they would pay [Appellee] for the work that [Appellee] performed on [Appellants'] leasehold." The complaint further stated that these false representations were material to the transaction as it induced Appellee to perform the work; that the representations were made with the intent that Appellee would rely on them and therefore complete the improvements; Appellee justifiably relied on the representations; and that Appellee was injured as a direct and proximate cause of his reliance on the representations. Sintsirmas categorically denied these allegations and has filed an affidavit to that effect. Appellee intended to call upon Sintsirmas to testify to these issues, which could have led to testimony prejudicial to his clients/co-defendants. In an attempt to defend himself against a claim of fraud brought against him in his individual capacity, Sintsirmas' testimony has the potential to be self-serving, thus harmful to his clients/co-defendants. Further, if the allegations in the complaint are false, as Sintsirmas contends they are, he ought to testify on behalf of his clients. *Page 7 
 {¶ 10} In support of its argument that the trial court erred, Appellants point this Court to the fact that the magistrate disqualified Sintsirmas without conducting a hearing. However, both parties had thoroughly briefed the underlying issue before the magistrate. Further, in response to Appellants' objections to the magistrate's order, Appellee stated below that "the matter was considered at the Pre-Trial Conference on July 14, 2006. [Appellee] described the facts of [Sintsirmas'] ownership and control of Telsat, Inc., the relationship of those facts to [Appellee's] `piercing the corporate veil' theory of recovery and the prejudicial effect that [Sintsirmas'] testimony would have on his corporate client." Mentor Lagoons requires a threshold determination of admissibility of an attorney's testimony. MentorLagoons, 31 Ohio St.3d at paragraph two of the syllabus. However, the Court did not mandate the manner in which that determination was to be made. Hall v. Tucker, 4th Dist. No. 06CA3, 2006-Ohio-5895, ¶ 22;Landzberg v. 10630 Berea Rd, Inc. (Mar. 14, 2002), 8th Dist. No. 79574, at *4. In the present case, Sintsirmas is a named party to the action, and as such, his testimony would clearly be admissible. If a trial court has sufficient evidence before it to determine that an exception to the Disciplinary Rules does not apply, a failure to conduct a hearing does not prejudice Appellants. Id., citing Landzberg, at *5. The exceptions, found in DR 5-101(B)(1)-(4), are as follows: *Page 8 
 "(1) If the testimony will relate solely to an uncontested matter.
 "(2) If the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony.
 "(3) If the testimony will relate solely to the nature and value of legal services rendered in the case by the lawyer or the firm to the client.
 "(4) As to any matter, if refusal would work a substantial hardship on the client because of the distinctive value of the lawyer or the firm as counsel in the particular case."
 {¶ 11} In the present case, the magistrate properly determined that Sintsirmas "ought" to testify to the allegations set forth in Appellee's complaint. Finally, it is clear that none of the above exceptions applies in this case. Arguably, DR 5-101(B)(4) could be employed, however, Appellants merely states that they will "suffer additional harm," if forced to hire new counsel. This declaration does not rise to the level of a substantial hardship. See 155 N. High, Ltd., 72 Ohio St.3d at syllabus. Specifically, the magistrate stated that Appellants "have not provided convincing evidence or arguments that the exceptions of DR 5-101(B) apply to remove the disqualifying considerations." As the burden to show a substantial hardship was on the attorney seeking to utilize the exception, we find the trial court did not abuse its discretion. Id. at 429.
 {¶ 12} Therefore, we find that the trial court did not abuse its discretion when it disqualified Sintsirmas. Accordingly, Appellants' assignment of error is overruled. *Page 9 
 III. {¶ 13} Appellants' sole assignment is overruled and the judgment of the Cuyahoga Falls Municipal Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Cuyahoga Falls Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellants.
CARLA MOORE
 FOR THE COURT *Page 10 
CARR, P. J.
CONCURS
[1] Since this case, the Ohio Supreme Court has adopted the Ohio Rules of Professional Conduct, effective Feb. 1, 2007, which replaced the Ohio Code of Professional Responsibility.