[Cite as *Holbrook v. Benson*, 2013-Ohio-5307.]

holbrookCOURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | | |
|---|---|---|---|
| BRYON HOLBROOK | : | | JUDGES: |
| | : | | |
| | : | | Hon. Sheila G. Farmer, P.J. |
| Plaintiff - Appellant | : | | Hon. John W. Wise, J. |
| | : | | Hon. Craig R. Baldwin, J. |
| | : | | |
| -vs- | : | | |
| | : | | |
| MARILYN BENSON | : | | Case No. 2013CA00045 |
| | : | | |
| | : | | |
| Defendant - Appellee | : | | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Stark County Court
of Common Pleas, Case No.
2012CV03394

JUDGMENT:     Reversed and Remanded

DATE OF JUDGMENT:     December 2, 2013

APPEARANCES:

For Plaintiff-Appellant

SANDRA K. CHESHIRE
Cheshire Law Office
931 North Main Street
Suite 102
North Canton, OH 44720

For Defendant-Appellee

WILLIAM DEMSKY
54 Federal Avenue, NE
Massillon, OH 44646

LARRY SLAGLE
2859 Aaronwood Avenue, NE
Massillon, OH  44646

*Baldwin, J.*

{¶1} Appellant Bryon Holbrook appeals a judgment of the Stark County Common Pleas Court disqualifying his attorney, Michela Huth, from representing him in the instant case. Appellee is Marilyn Benson.

<u>STATEMENT OF FACTS AND CASE</u>

{¶2} Appellant and appellee entered into an oral lease regarding property in Navarre, Ohio, in July of 2011. Appellant filed the instant action on October 30, 2012, alleging that he had made improvements to the house and was entitled to reimbursement or credit for rent. Appellee counterclaimed seeking unpaid rent of $600.00 per month from August 1, 2011.

{¶3} Attorney Michela Huth filed a motion to appear pro hac vice as co-counsel for appellant on October 30, 2012. The motion was granted on November 1, 2012.

{¶4} The parties appeared before the court for a hearing on February 19, 2013. At that hearing, it became apparent that Attorney Huth was involved in a romantic relationship with appellant and was living with him in the house that was the subject of the case. At the hearing, counsel for appellee informed the court that Huth will be a material witness in the case because she is living in the home. Huth acknowledged that appellant was her boyfriend and that she was living in the home, but represented that she had not witnessed any of the repairs that were the subject of the complaint or the counterclaim.

{¶5} The trial court disqualified Huth from representing appellant. The court ruled in pertinent part:

{¶6} "Since the main issue in this case is the extent of the repairs made to the home before and after Plaintiff moved in, it is obvious that Plaintiff's counsel, [Michela Huth] may be a material witness to the case. Equally important is the fact that Attorney [Huth] is in a romantic relationship with Plaintiff, who will undoubtedly be the main witness in the case. The fact that Attorney [Huth] is both living with the Plaintiff and occupying the premises of the dispute leaves Plaintiff in a vulnerable position, especially if the relationship doesn't last. In addition, Attorney [Huth's] judgment may be impaired by the depth and quality of the relationship, a situation which could be detrimental to Plaintiff." Judgment Entry, March 1, 2013, as corrected by nunc pro tunc judgment of March 5, 2013.

{¶7} Appellant assigns a single error on appeal:

{¶8} "THE TRIAL COURT COMMITTED REVERSIBLE ERROR AND ABUSED ITS DISCRETION WHEN IT DISQUALIFIED PLAINTIFF-APPELLANT BRYON HOLBROOK'S TRIAL COUNSEL (MICHELA HUTH)."

{¶9} An order disqualifying a civil trial counsel is a final order that is immediately appealable pursuant to R.C. 2505.02. *See Kale v. Aluminum Smelting & Refining Co., Inc.,* 81 Ohio St.3d 1, 688 N.E.2d 258 (1998). We review the trial court's decision on a motion to disqualify for an abuse of discretion. *155 North High Ltd. v. Cincinnati Ins. Co.,* 72 Ohio St.3d 423, 650 N.E.2d 869 (1995), syllabus. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶10}   Trial courts have the "inherent power to disqualify an attorney from acting as counsel in a case when the attorney cannot or will not comply with the Code of Professional Responsibility and when such action is necessary to protect the dignity and authority of the court." *Horen v. City of Toledo Public School Dist.,* 174 Ohio App.3d 317, 2007–Ohio–6883, 882 N.E.2d 14, ¶ 21 (6th Dist.). "However, because of the potential use of the advocate-witness rule for abuse, disqualification 'is a drastic measure which should not be imposed unless absolutely necessary.' " *Waliszewski v. Caravona Builders, Inc.,* 127 Ohio App.3d 429, 433, 713 N.E.2d 65 (9th Dist.1998), quoting *Spivey v. Bender,* 77 Ohio App.3d 17, 22, 601 N.E.2d 56 (6th Dist.1991). *See, also, A.B.B. Sanitec West, Inc. v. Weinsten,* 8th Dist. Cuyahoga No. 88258, 2007–Ohio–2116, ¶ 12 (applying the current Rules of Professional Conduct). It is therefore important for the trial court to follow the proper procedures in determining whether disqualification is necessary. *Brown v. Spectrum Networks, Inc.,* 180 Ohio App.3d 99, 2008–Ohio–6687, 904 N.E.2d 576, ¶ 11 (1st Dist.) citing *Kala v. Aluminum Smelting & Refining Co., Inc.,* 81 Ohio St.3d 1, 6, 688 N.E.2d 258 (1998).

{¶11}   Under Prof.Cond.R. 3.7, "[a] lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness * * *." The rule lists three exceptions to disqualification: (1) the testimony relates to an uncontested issue; (2) the testimony relates to the nature and value of the legal services rendered in the case; (3) the disqualification of the lawyer would work substantial hardship on the client.

{¶12}   Prof.Cond.R. 3.7 replaced the former disciplinary rules DR 5–101(B) and DR 5–102(A) and (B), under the former Code of Professional Responsibility. Under the prior rules, the Ohio Supreme Court set forth the procedure for the trial court to follow in

deciding whether a lawyer can serve as both an advocate and a witness. *Brown,* at ¶ 13 citing *Mentor Lagoons, Inc. v. Rubin,* 31 Ohio St.3d 256, 510 N.E.2d 379 (1987). The court first had to determine the admissibility of the attorney's testimony. If the trial court found the testimony admissible, the court then had to consider whether any exceptions to the disciplinary rules were applicable. *Id.,* citing *Mentor Lagoons, supra* at paragraph two of the syllabus. If no exceptions applied, the attorney was disqualified from representing his or her client. The burden of proving that disqualification was necessary rested on the moving party and the burden of proving one of the exceptions applied was on the attorney seeking to claim the exception. *Id.,* citing *Waliszewki, supra; 155 N. High Ltd. v. Cincinnati Ins. Co.,* 72 Ohio St.3d 423, 650 N.E.2d 869 (1995), at syllabus.

{¶13} Under Prof.Cond.R. 3.7, a lawyer may be disqualified from representing his or her client only when it is likely the lawyer will be a "necessary" witness. A necessary witness under Prof.Cond.R. 3.7 is one whose testimony must be admissible and unobtainable through other trial witnesses. *Popa Land Co., Ltd v. Fragnoli,* 9th Dist. Medina No. 08CA0062–M, 2009–Ohio–1299, ¶ 15. "Testimony may be relevant and even highly useful but still not strictly necessary. A finding of necessity takes into account such factors as the significance of the matters, weight of the testimony and availability of other evidence. * * * A party's mere declaration of an intention to call opposing counsel as a witness is an insufficient basis for disqualification even if that counsel could give relevant testimony." *Akron v. Carter,* 190 Ohio App.3d 420, 2010–Ohio–5462, 942 N.E.2d 409, ¶ 19 (9th Dist.) quoting *Puritas Metal Prods. Inc. v. Cole,* 9th Dist. Lorain Nos. 07CA009255, 07CA009257, and 07CA009259, 2008–Ohio–4653, at ¶ 34 quoting *Mettler v. Mettler* (2007), 50 Conn.Supp. 357, 928 A.2d 631, 633.

{¶14} In *King v. Pattison,* 5th Dist. Muskingum No. CT2013-0010, 2013-Ohio-4665, the party seeking to disqualify an attorney represented to the court that the attorney was likely to be called as a witness at trial. There was no evidence attached to the motion, nor was there evidence attached to the response. This Court found that the trial court abused its discretion in disqualifying the attorney without any reasoned analysis. *Id.* at ¶22. While the testimony of the attorney might arguably be admissible, we found that the trial court abused its discretion in disqualifying the attorney without making any factual and/or legal conclusions relevant to the required analysis for granting disqualification. *Id.* at ¶23.

{¶15} Similarly, in the instant case the court did not make any factual or legal findings relevant to the required analysis for determining whether Michela Huth was a necessary witness in the instant case. Appellee presented no evidence as to what her testimony might be, and merely represented to the court in a conclusory fashion that she might be a witness because she lives on the subject property and is involved in a romantic relationship with appellant. The court did not make a finding that she was a necessary witness, but found only that she *may* be a material witness in the case. The trial court abused its discretion in disqualifying Huth without making the proper inquiry and findings that her testimony was admissible and necessary. The record of the hearing reflects no facts as to what her testimony would be if called as a witness.

{¶16} Further, the trial court abused its discretion in disqualifying Huth on the basis that she is romantically involved with her client. Ohio Rule of Professional Conduct, Rule 1.8(j) provides, "A lawyer shall not solicit or engage in sexual activity with a client unless a consensual relationship existed between them when the client-lawyer

relationship commenced." The information before the court reflected that the relationship between Huth and appellant existed prior to commencement of the attorney-client relationship. While the court's concerns regarding the effect of Huth's representation on the relationship and vice versa might be valid, they are not grounds for disqualifying her as counsel.

{¶17} Finally, appellee argues that Huth has a proprietary interest in the property by virtue of living on the property. This basis for disqualification was not cited by the court as grounds for disqualification, nor was any evidence presented at the hearing other than the fact that she lives on the subject property with appellant.

{¶18} The assignment of error is sustained.

{¶19} The judgment of the Stark County Common Pleas Court is reversed, and this case is remanded for further proceedings according to law, consistent with this opinion. Costs assessed to appellee.

By: Baldwin, J.

Farmer, P.J. and

Wise, J. concur.

HON. CRAIG R. BALDWIN

HON. SHEILA G. FARMER

HON. JOHN W. WISE

CRB/rad

[Cite as *Holbrook v. Benson*, 2013-Ohio-5307.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| BRYON HOLBROOK | : | |
| | : | |
| Plaintiff - Appellant | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| MARILYN BENSON | : | |
| | : | |
| Defendant -Appellee | : | CASE NO. 2013CA00045 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio is reversed and remanded. Costs assessed to appellee.


HON. CRAIG R. BALDWIN


HON. SHEILA G. FARMER


HON. JOHN W. WISE